Gina Felicia FLEMINGS (Foster) *v.* Darryl A. LITTLES

96-293                                                    918 S.W.2d 718

Supreme Court of Arkansas
Opinion delivered April 1, 1996

Pulaski County Child Support Enforcement Unit, by: *Kimberly D. Burnette*, for appellant.

No response.

PER CURIAM. Appellant Gina Felicia Flemings (Foster), by the Pulaski County Child Support Enforcement Unit, has filed a motion to dismiss the appeal of Darryl A. Littles. The basis for the motion is that Littles did not timely file a notice of appeal; therefore, this Court is without jurisdiction. We deny the motion to dismiss.

The order being appealed was entered in Pulaski County Chancery Court on November 14, 1995. On December 8, 1995, appellant Flemings filed a notice of appeal; appellee Littles was served with the notice of appeal on December 13, 1995. Littles filed a document styled "notice of appeal" on December 22, 1995; however, the notice was filed in circuit court. The "notice of appeal" was not filed in chancery court until December 27, 1995.

Ms. Flemings contends that if Littles's appeal is designated a direct appeal, then the notice of appeal was thirteen days late pursuant to Rule 4(a) of the Rules of Appellate Procedure. If Littles's appeal is designated a cross-appeal, Flemings submits it was filed two days late under Rule 4(a). Rule 4(a) provides that a notice of appeal must be filed within thirty days from entry of the judgment. However, a notice of cross-appeal must only be filed within ten days after receipt of the notice of appeal.

■ Although Littles's notice is styled "notice of appeal," we have recognized that a cross-appeal is an appeal by an appellee who seeks something more than was received in the trial court. *Boyle* v. *A.W.A., Inc.*, 319 Ark. 390, 892 S.W.2d 242 (1995). Thus, Littles's appeal is a cross-appeal, and his notice had to be filed within ten days after December 13, 1995, the date of receipt of Flemings's notice of appeal.

■ The notice of appeal which Littles filed on December 22, 1995, was not filed with the clerk of the court that entered the judgment; therefore, it had no effect. *See Rossi* v. *Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995). However, the notice of appeal which was filed December 27, 1995, was timely filed with the clerk of the court that entered the judgment. December 23, 1995, was the tenth day after receipt of Flemings's notice of appeal, but it was a Saturday. Rule 9 of the Rules of Appellate Procedure provides that whenever the last day for taking action falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day. December 23 was a Saturday, December 24 was a Sunday, and December 25 and 26 were legal holidays; therefore, December 27 was the next business day.

Motion denied.