ARKANSAS DEPARTMENT of FINANCE AND ADMINISTRATION and Merck–Medco Managed Care, Inc. *v.* PHARMACY ASSOCIATES, INC.

97-1293                                         970 S.W.2d 217

Supreme Court of Arkansas
Opinion delivered June 4, 1998

*Winston Bryant*, Att'y Gen., by: *Glen Hooks*, Asst. Att'y Gen., for appellant D.F.& A.

*Mitchell, Williams, Selig, Gates & Woodyard PLLC*, by: *Byron Freeland* and *Mark N. Halbert*, for appellant Merck–Medco Managed Care, Inc.

*Dover & Dixon, P.A.*, by: *M. Darren O'Quinn*, for appellee.

RAY THORNTON, Justice. The question in this case is whether a state agency can claim the competitive–advantage exception under the Arkansas Freedom of Information Act (the FOIA) on behalf of the person who supplied the information. Appellants are the Arkansas Department of Finance and Administration (DF&A) and Merck–Medco Managed Care, Inc. (Medco). The appellee Pharmacy Associates, Inc. sought disclosure of Medco's successful bid proposal from DF&A. When DF&A delivered the documents with certain proprietary information deleted, Pharmacy Associates filed suit under the FOIA to obtain disclosure of the deleted material. The trial court found that this information fell within the competitive–advantage exception as to Medco, but that the exception did not apply when the documents were "owned" by the State or when the State did not have a "pro-

prietary interest" in the information. The trial court's decision is reversed and the case is dismissed.

DF&A, through its State Employee and Public School Personnel Board, issued a request for proposal (RFP) for a pharmacy-benefit manager to manage the State Employee and Public School Health Coverage Program. The manager provides a network of pharmacies where State employees and public school personnel can have their prescriptions filled for a negotiated discount price. Seven pharmacy-benefit managers responded to the RFP with bid proposals, including Medco and Pharmacy Associates. The proposals contained financial and other information projecting the degree of savings that the plan would produce, reflecting data analyses and strategies. Each bidder marked certain information proprietary, except Pharmacy Associates.

DF&A awarded the contract to Medco, and incorporated Medco's proposal into the contract by reference. Pharmacy Associates, ranked last among the seven bidders, then requested a copy of the contract, including Medco's proposal. When DF&A received the request, it turned to Medco to justify the confidentiality of the items that Medco had marked as proprietary. DF&A reviewed Medco's response and determined that certain information in the proposal was not disclosable as it fell within the competitive-advantage exception. DF&A then delivered a copy of Medco's proposal to Pharmacy Associates with the proprietary information deleted.

Pharmacy Associates sued under the FOIA to obtain the deleted material. Specifically, Pharmacy Associates requested Medco's data regarding expected formulary rebates; the cost-effectiveness rationale; administrative fees; performance, savings, and service guarantees and penalties; total annual savings; and pharmacy network analyses. After hearing testimony and reviewing the documents in camera, the trial court issued a letter opinion that later became the judgment. In that opinion, the court found that the competitive-advantage exception applies to the information that Medco and DF&A sought to protect. Nevertheless, the court ordered DF&A to release the documents to Pharmacy Associates, ruling that the exception does not apply when

the State owns the documents or does not have a proprietary interest in the information. The appellants appeal this ruling.

To determine whether the General Assembly intended to preclude the State from asserting the competitive-advantage exception for confidential bid information contained in a state contract, we observe the FOIA's policy considerations and our rules for construing it. Under the FOIA, a person can inspect and obtain copies of all "public records," unless the law provides otherwise. Ark. Code Ann. § 25-19-105(a) (Supp. 1997). The term "public records" is defined to include all records maintained in public offices or by public employees that contain information about the performance or lack of performance of official functions. Ark. Code Ann. § 25-19-103(1) (Repl. 1996). The General Assembly states its specific intent to exempt eleven categories of information from disclosure in subsection 25-19-105(b). In subsection 25-19-105(b)(9)(A), the General Assembly exempts "files which, if disclosed, would give advantage to competitors or bidders[.]"

We liberally construe the FOIA to accomplish its broad and laudable purpose that public business be performed in an open and public manner. *Arkansas Dep't of Health v. Westark Christian Action Council*, 322 Ark. 440, 443, 910 S.W.2d 199, 201 (1995). In conjunction with this rule of construction, we narrowly construe exceptions to the FOIA to counterbalance the self-protective instincts of the government bureaucracy. *Id.* A statutory provision for nondisclosure must be specific. *Id.*; § 25-19-105(a). Less than clear or ambiguous exemptions will be interpreted in a manner favoring disclosure. *Westark Christian Action Council*, 322 Ark. at 443, 910 S.W.2d at 201. At the same time, we will balance the interests between disclosure and nondisclosure using a common sense approach. *See National Park Medical Ctr., Inc. v. Arkansas Dep't of Human Servs.*, 322 Ark. 595, 911 S.W.2d 250 (1995); *Sebastian County Chapter of the American Red Cross v. Weatherford*, 311 Ark. 656, 846 S.W.2d 641 (1993).

In the present case, the trial court erred in its interpretation of the FOIA and the competitive-advantage exception for the following reasons. First, by its terms, the FOIA is only

invoked when a public record is sought. By definition, a public record is one that a government unit (or any other agency wholly or partially supported by, or expending, public funds) keeps in the discharge of its duties. § 25-19-103(1); BLACK'S LAW DICTIONARY 1231 (6th ed. 1990). Pharmacy Associates would have no cognizable claim for Medco's proposal under the FOIA if the proposal were not kept by the State. *See Legislative Joint Auditing Comm. v. Woosley*, 291 Ark. 89, 91, 722 S.W.2d 581, 582 (1987) (stating that for a record to be subject to the FOIA and available to the public, *it must be possessed by an entity covered by the act*, fall within the act's definition of public record, and not be exempted by the act or other statutes).

■ Second, if we accept the court's view that the documents are subject to disclosure because they are owned by the State, then subsection 25-19-105(b), listing the exceptions to the disclosure rule, becomes meaningless and superfluous, contrary to the rules of statutory interpretation. *See, e.g., Locke v. Cook*, 245 Ark. 787, 793, 434 S.W.2d 598, 601 (1968) (stating that the statute should be construed so that no word is left void, superfluous, or insignificant; and meaning and effect must be given to every word in the statute if possible).

■ Third, the court's interpretation is contrary to the plain and unambiguous language of the competitive-advantage exception provision. That section does not include a further limitation providing that documents owned by the state are not included in the exception. *See* § 25-19-105(b)(9)(A). Nor does this exception require the State to possess a proprietary interest in the files for the exception to apply, as suggested by the trial court. The court's interpretation adds language to the statute that is not there.

■ In plain and unambiguous language, the General Assembly carved out a specific exception to the disclosure rule for those government records that would give advantage to competitors or bidders. In *Arkansas Highway and Transp. Dep't v. Hope Brick Works, Inc.*, 294 Ark. 490, 496, 744 S.W.2d 711, 714 (1988), we said that this exception is clearly intended to prevent competitors from obtaining information about others seeking the same type of work or furnishing material to the state. In that regard,

the issue is whether release of the information would result in competitive harm to the person who supplied it. Whether the government entity has a proprietary interest in the records in its possession is not the sole inquiry.

■ Courts construing the parallel provision of the federal FOIA[1] have stated that the exception "may be applicable even though the Government itself has no interest in keeping the information secret." *National Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974). In *Morton*, the United States Court of Appeals for the D.C. Circuit noted that "the exemption may be invoked for the benefit of the person who has provided commercial or financial information if it can be shown that public disclosure is likely to cause substantial harm to his competitive position." *Id.* We see merit in this position. *See, e.g., Young v. Rice*, 308 Ark. 593, 596, 826 S.W.2d 252, 254 (1992) (stating that, where there is no dispute over the fact that the record requested is a public record, the "record keeper" has the burden of proving the record is exempt from disclosure).

■ It should be noted, however, that we cannot say the State is without a special interest in this case. DF&A argues that, as a state agency involved in receiving bids for government contracts, it wants to protect the integrity of the bidding process. DF&A maintains that in a bidding situation, it is imperative that the State have as much information about the company as it can obtain, much of which is highly sensitive. Federal courts have also recognized that government entities have a special interest in protecting a bidder's confidential information. *See National Parks & Conservation Ass'n v. Morton*, 498 F.2d 765 (D.C. Cir. 1974); *Orion Research Inc. v. EPA*, 615 F.2d 551 (1st Cir. 1980). In *Orion Research*, the United States Court of Appeals for the First Circuit observed that forcing a state entity to disclose a bidder's confidential financial information would have the effect of diminishing the prospect of original and candid bids in the future. *Id.* at 554 (quoting *Orion Research, Inc. v. EPA*, No. 5071, slip op. at 7 (D. Mass. Jun. 15, 1979)). In articulating the basis of the state's inter-

---

[1] 5 U.S.C. § 552(b)(4) exempts "trade secrets and commercial or financial information obtained from a person and privileged or confidential" from disclosure.

est, the court quoted the following from the district court opinion:

> Competing firms would be less likely to include novel ideas in their responses to solicitations for fear that their confidentiality requests would not be honored and competitors would get the benefit of their innovative theories.
>
> . . .
>
> Moreover, disclosure of . . . successful proposals would enable competing firms to emulate features common to the plans selected.

*Id.*

In this case, the pharmacy-benefit manager contract is rebid every two years. Because the trial court found that certain information in Medco's proposal fell within the competitive-advantage exception, we can reasonably conclude that if Pharmacy Associates is able to obtain a complete copy of Medco's proposal, Pharmacy Associates (or other competitors) could use Medco's proprietary information to improve its competitive position. A practice such as this would not only be detrimental to Medco, but also to DF&A in the quality of information it receives in response to its RFPs in the future. It is this harm that the competitive-advantage exception was intended to prevent. We believe that this result is consistent with the rule of narrow statutory interpretation that gives effect to the unmistakable intent of the General Assembly.

As their final argument, the appellants urge us to affirm the trial court's finding that the competitive-advantage exception applies to the information that DF&A is seeking to protect. We do not reach this issue because, as we have often said, an appellant may not raise an issue on appeal when he obtained a favorable ruling granting the relief requested at trial. *See Noel v. State*, 331 Ark. 79, 960 S.W.2d 439 (1998); *see also Dixon v. State*, 310 Ark. 460, 839 S.W.2d 173 (1992).

Although Pharmacy Associates argues that this finding was erroneous, it did not do so by cross-appeal. A cross-appeal is an appeal by an appellee who seeks something more than was received in the trial court. *Flemings v. Littles*, 324 Ark. 112, 113,

918 S.W.2d 718, 719 (1996). An appellee must give notice of cross-appeal in order to obtain affirmative relief. *Barnhart v. City of Fayetteville*, 321 Ark. 197, 209-10, 900 S.W.2d 539, 545 (1995).

Here, Pharmacy Associates is asking us to reverse the trial court's finding that the competitive-advantage exception applies to the information Pharmacy Associates seeks. By this request, it is seeking more relief than it received from the trial court. Therefore, Pharmacy Associates' appeal must come by way of a cross-appeal with the required notice. Because Pharmacy Associates did not give the required notice, we are precluded from reviewing the court's finding on appeal.

Reversed and dismissed.