Dr. Leslie Wyatt, President Arkansas State University P.O. Box 10 Jonesboro, AR 72467-0010
Dear Dr. Wyatt:
You have requested an Attorney General's opinion concerning the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You indicate that Arkansas State University has received a request for records related to disciplinary action taken by the university with respect to two specific students. One of the students was convicted of battery in a classroom. The other was accused of a rape that took place on university property. The request asked for "access to and a copy of any disciplinary actions administered by Judicial Affairs" in these cases. Specifically, the request sought: "(1) The name of the students about whom the allegations were made; (2) the violations committed; (3) any sanction imposed by the institution; and (4) the name of any other students involved, such as victims or witnesses, provided they have given their written consent."
You have asked:
 Do the records of disciplinary actions against students constitute" scholastic records," which are exempt from disclosure under the Freedom of Information Act?
Response
Although Arkansas law provides little guidance on this issue, it is my opinion, based on certain holdings of the Arkansas Supreme Court, that disciplinary records such as the ones that have been requested from ASU in this case should not be deemed to constitute "scholastic records" within the meaning of the FOIA.
As you note, the FOIA exempts "scholastic records" from disclosure under the act. A.C.A. § 25-19-105(b)(2). However, the act does not define the term "scholastic records."
The Arkansas Supreme Court has interpreted the term in only one case, and that case did not involve disciplinary records. Nevertheless, the court's language in that case, as well as its interpretation of the general policy of the FOIA in other cases, do provide some guidance.
In Arkansas Gazette Co. v. Southern State College, 273 Ark. 248,620 S.W.2d 258 (1981), app. dism'd, 455 U.S. 931 (1982), a newspaper requested access to records maintained by the Arkansas Intercollegiate Athletic Conference indicating amounts paid to college athletes. The Conference argued that these records constituted "scholastic records," within the meaning of the FOIA, and should therefore not be disclosed. The court rejected the argument, stating: "[W]e interpret the language of this exception to be limited to individual education or academicrecords, and we do not construe it to include information concerning the amount of money paid to student athletes." Arkansas Gazette, supra at 250 (emphasis added).
The court in that case also made the following general observation about its interpretation of the FOIA:
 Whether a statute should be construed narrowly or broadly depends upon the interests with which the statute deals . . . [and] statutes enacted for the public benefit are to be interpreted most favorably to the public . . . the Freedom of Information Act was passed wholly in the public interest and is to be liberally interpreted to the end that its praiseworthy purposes may be achieved.
Id., quoting Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968). The court has maintained this "liberal construction" view of the FOIA. See,e.g., Arkansas Dep't of Fin. Admin. v. Pharmacy Assocs.,333 Ark. 451, 970 S.W.2d 217 (1998); Arkansas DOH v. Westark ChristianAction, 322 Ark. 440, 910 S.W.2d 199
(1995).
Moreover, the court has consistently held that any exemption from disclosure under the FOIA is to be narrowly construed. See, e.g.,Arkansas Dep't of Fin. Admin. v. Pharmacy Assocs., 333 Ark. 451,970 S.W.2d 217 (1998); Stilley v. Mcbride, 332 Ark. 306, 965 S.W.2d 125
(1998); Arkansas DOH v. Westark Christian Action, 322 Ark. 440,910 S.W.2d 199 (1995); Byrne v. Eagle, 319 Ark. 587, 892 S.W.2d 487 (1995);Johninson v. Stodola, 316 Ark. 423, 872 S.W.2d 374 (1994); LegislativeJoint Auditing Comm. v. Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987). Thus, when the scope of an exemption is unclear or ambiguous, the court will interpret it in a manner that favors disclosure. Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992); Ragland v. Yeargan, 288 Ark. 81,702 S.W.2d 23 (1986).
Given these principles stated by the Arkansas Supreme Court, I conclude that because the scope of the exemption for "scholastic records" under the FOIA is not entirely clear, it should be narrowly construed in a manner that favors disclosure. Although I acknowledge that disciplinary records related to offenses such as rape and battery are not irrelevant to a student's education or his academic endeavors, a narrow construction must dictate that such records nevertheless do not strictly constitute "education or academic records," as envisioned by the Arkansas Supreme Court. See Arkansas Gazette, supra.
Accordingly, I conclude that pending judicial interpretation or legislative clarification to the contrary, disciplinary records related to the offenses of rape and battery do not constitute "scholastic records," within the meaning of the FOIA, and are thus not exempt from disclosure.[1]
I must note one final issue. You have not indicated whether any law enforcement agency is investigating the matters that gave rise to the disciplinary action in question. If the requested records have been made a part of an investigation being conducted by a law enforcement agency, and if that investigation is ongoing, the records are exempt from disclosure under A.C.A. § 25-19-105(b)(6). This is so even if the records remain in the hands of the university. For a discussion of this issue, see Op. Att'y Gen. No. 98-127. The question of whether this exemption applies is largely a question of fact.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] You have not asked about the applicability of the Federal Educational Rights Privacy Act (20 U.S.C. § 1232g) (FERPA), which generally provides that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student. 20 U.S.C. § 1232g(b)(1). Although the term "education records" is defined broadly in the FERPA as "records, files, documents and other materials which . . . contain information directly related to a student,"20 U.S.C. § 1232g(a)(4)(A), it should be noted that the act does contain certain exemptions, and was amended in 1998 to create an exemption for certain disciplinary records. The 1998 amendment states:
 (6)(B) Nothing in this section shall be construed to prohibit an institution of postsecondary education from disclosing the final results of any disciplinary proceeding conducted by such institution against a student who is an alleged perpetrator of any crime of violence (as that term is defined in section 16 of Title 18), or a nonforcible sex offense, if the institution determines as a result of that disciplinary proceeding that the student committed a violation of the institution's rules or policies with respect to such crime or offense.
 (C) For the purpose of this paragraph, the final results of any disciplinary proceeding —
 (i) shall include only the name of the student, the violation committed, and any sanction imposed by the institution on that student; and
 (ii) may include the name of any other student, such as a victim or witness, only with the written consent of that other student.
20 U.S.C. § 1232g(6)(B)(C). A determination of whether this exemption from the FERPA applies to the situation about which you have inquired would require that various questions of fact be answered.