Dr. Robert Charles Brown, President Arkansas Tech University Russellville, AR 72801-2222
Dear Dr. Brown:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107), concerning the release of certain records under the FOIA.
You indicate that the university has received a request for the following records:
Related to the search for and hiring of certain named faculty members:
• All search committee minutes
• Itineraries of the named individuals
 • All memos from the President, the VPA, the EOE Officer, deans, department heads, and faculty
 • Records of all conversations including approximate dates and the people involved between or among the President, the VPA, the EOE Officers, deans, department heads, and faculty
• All computer files
 • All informal notes from the President, the VPA, the EOE Officers, deans, department heads, and faculty
 • Records of any statements of commitment, written or verbal, to any of the named individuals, made by the President, the VPA, the EOE Officers, deans, department heads, and faculty
 • Records of conversations, memos, notes, and computer files from the President, the VPA, the EOE Officers, deans, department heads, and faculty
• E-mails about the named individuals
 • Records of all conversations between certain named individuals concerning the hiring of one of the named individuals
 • Records of all conversations between certain named individuals concerning the appointment of one of the named individuals to a tenure track position
 • Memo from a specified individual to the search committee explaining why a particular named individual would not be required to give research and teaching presentations during the search for his position
 • Records of all conversations between certain named individuals regarding the search for and hiring of certain named individuals
 • Records of all conversations between certain named individuals regarding the conversion of certain positions from visiting to tenure track
 • Records of all conversations between certain named individuals regarding the hiring of certain named individuals as visiting professors and their subsequent appointment to tenure-track positions
 • A description of departmental procedures used in hiring a particular named individual, including the interview schedule
 • Record of conversation between two named individuals regarding the interview schedule for a particular named individual
 • All memos and records of all conversations between or among certain named individuals regarding the hiring of foreign language faculty from fall 1998 to present
 • Documents requesting work permits for faculty in the Department of Foreign Languages from fall 1998 to present
 • All memos and records of all conversations between or among certain named individuals regarding the hiring of faculty in the Department of Music from 1995 to present
 • All documents and records of conversations regarding all faculty who have received military leave from 1995 to present
 • All requests for information from the President, the VPA, the EOE Officers, deans, department heads, and faculty
As custodian of the records, you have determined that "to the extent that these records do exist and involve evaluation, performance or a personnel item of an employee that would constitute a clearly unwarranted invasion of personal privacy," they should not be released.
I am directed by law to issue an opinion as to whether your determination, as the custodian of the records, regarding the release of the requested records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
RESPONSE
It is my opinion, as explained more fully below, that although your determination may correctly result in the withholding of some records, it may sweep too broadly so as to result in the withholding of other records that should be released.
As an initial matter, I must note that because I have not been provided with copies of the records that are at issue, I cannot opine definitively concerning the disclosability of any particular record. However, I will outline the applicable standards for disclosability, on the basis of which you can analyze the particular records. These standards, when applied to particular records, may (depending on the specific contents of the particular records and on the facts surrounding those particular records) result in a conclusion that the records should be released, even if they are records that "involve evaluation, performance or personnel items."
Because the request has, by its own terms, specified records as they relate to certain named individuals, it is my opinion that all of the records that have been requested will constitute either "personnel records" or "employee evaluation/job performance records," depending on their particular contents.[1] In evaluating the disclosability of these records, it is important that you distinguish between these two types of records, because, as explained in more detail below, these two types of records are subject to two different standards of disclosability.
Personnel Records
The FOIA does not define the term "personnel records." However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records (discussed below), that pertain to individual employees, former employees, or successful job applicants. See, e.g., Ark. Ops. Att'y Gen. Nos. 2000-130; 99-147, citing Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3d ed. 1998), at 134.
Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee whose records they are. A.C.A. § 25-19-105(b)(10). (It should be noted that this is not the standard of disclosability for employee evaluation/job performance records.)
If you determine that the documents that have been requested are, in fact, "personnel records" (i.e., if you determine that the records pertain to individual employees, former employees, or successful job applicants, but are not employee evaluation/job performance records), the issue becomes whether their release would constitute a clearly unwarranted invasion of the personal privacy of the individuals to whom the records pertain. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and has adopted a balancing test to determine whether it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the personnel records must be disclosed. It should be noted that the court has deemed the public's interest to be outweighed by the individual's interest only when the information contained in the record relates intimate details of the individual's life — details which if released, might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. See, e.g., Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). Many of the records listed above that have been requested from the university do not appear to be the type of record that would contain information of such a private nature. Nevertheless, you, as custodian of the records, have the responsibility to conduct this balancing test to determine whether the individual's interest outweighs the public's interest in the records. If you determine that there is a privacy interest and that this interest outweighs the public's interest in disclosure, then the appropriate procedure is to delete any exempt information and make the remainder of the record(s) available for inspection and copying. See generally Op. Att'y Gen. 95-355.
"Employee Evaluation/Job Performance Records"
The FOIA does not define the term "employee evaluation/job performance records." I have taken the position that records relating to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g., Op. Att'y Gen. No. 2000-242.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
If you, as custodian, determine that the records constitute "employee evaluation/job performance records" (i.e., if you determine that they relate to an employee's performance or lack of performance on the job), you must then determine whether the three above-listed conditions for release have been met. These are factual determinations. The first two — whether the individual named in the records has been suspended or terminated and there has been a final administrative resolution of that suspension or termination, and whether the requested records formed a basis for the suspension or termination — are readily determined. If none of the named individuals to whom the evaluation/job performance records pertain have been suspended or terminated, the records may not be released. However, if they have, the third condition — whether there is a compelling public interest in the records in question — must be considered. This is, of course, the more difficult condition to evaluate.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by you, as the custodian of the records, considering all of the relevant information.
As a final matter, I must point out that the Arkansas Supreme Court has repeatedly and consistently stated that the FOIA should be liberally construed in favor of openness, and that exemptions from its provisions should be narrowly construed. See, e.g., Arkansas Dep't of Fin. Admin. v. Pharmacy Assocs., 333 Ark. 451, 970 S.W.2d 217 (1998); Stilleyv. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Arkansas DOH v. WestarkChristian Action, 322 Ark. 440, 910 S.W.2d 199 (1995); Byrne v. Eagle,319 Ark. 587, 892 S.W.2d 487 (1995); Johninson v. Stodola, 316 Ark. 423,872 S.W.2d 374 (1994); Legislative Joint Auditing Comm. v. Woosley,291 Ark. 89, 722 S.W.2d 581 (1987). As custodian of the records, you should remain cognizant of these policy considerations in making your determinations regarding the disclosure of the requested records.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] This assumes that the request pertains to individuals who are all either current or former employees of the University. Records pertaining to unsuccessful job applicants do not, in my opinion, fall within either the "personnel records" or the "employee evaluation/job performance" provision of the FOIA. See, e.g., Op. Att'y Gen. 99-398 (noting that applications and resumes of unsuccessful job applicants are generally subject to disclosure and must be released upon request, unless it can be factually established that their release would violate a protectable constitutional privacy interest).