The Honorable Jim Argue, Jr. State Senator 5300 Evergreen Drive Little Rock, AR 72203-1814
Dear Senator Argue:
You have requested my opinion concerning the disclosability of the records of juveniles.
Your question arises out of an opinion issued by former Attorney General Winston Bryant (Opinion No. 98-151), which addressed the disclosability of a juvenile's records in situations in which the juvenile has not been arrested. The former Attorney General opined that the provisions of A.C.A. § 9-27-352 will not operate to protect a juvenile's records from disclosure unless the juvenile has either been arrested, or is otherwise made the subject of a proceeding before the juvenile court, which must be initiated by the filing of a petition, pursuant to A.C.A. § 9-27-310.
You have asked whether I concur with the views expressed in Opinion No.98-151.
RESPONSE
It is my opinion that the views expressed in Attorney General Opinion No. 98-151 are correct.
The provisions of A.C.A. § 9-27-352 are designed to protect certain records of juveniles from disclosure under certain circumstances. However, that statute does not operate to protect all records of juveniles from disclosure under all circumstances. The statute states in pertinent part:
9-27-352. Confidentiality of records.
 (a) Records of the arrest of a juvenile, the detention of a juvenile, and the proceedings under this subchapter shall be confidential and shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 et seq., unless:
 (1) Authorized by a written order of the juvenile division of circuit court; or
 (2) The arrest or the proceedings under this subchapter result in the juvenile's being formally charged in the criminal division of circuit court for a felony.
A.C.A. § 9-27-352.[1]
The above-quoted statute was enacted in response to the Arkansas Supreme Court's decision in Troutt Bros. v. Emison, 311 Ark. 27, 841 S.W.2d 604
(1992). At the time of the Troutt decision, no law required the confidentiality of the records of juveniles.[2] The provisions of A.C.A. § 9-27-348 did protect the names of juveniles, but only if the juvenile in question had been made the subject of proceedings before the juvenile court. See A.C.A. § 9-27-348. The Troutt case arose out of a request by the media for the names of certain juveniles who had been arrested, but who had not been made the subject of any proceedings before the juvenile court. The media subsequently also requested the logs and booking sheets for the juveniles. The Arkansas Supreme Court held that the protection of juveniles' names under A.C.A. § 9-27-348 did not extend to these juveniles, because at the time the request was presented, the juveniles had not yet been made the subjects of proceedings before the juvenile court.[3] In response to the Troutt decision, the General Assembly enacted A.C.A. § 9-27-352, which explicitly added protection for juveniles who are arrested or detained. The statute thus now protects from disclosure certain records of juveniles in three scenarios: (1) The scenario in which the juvenile has been arrested; (2) The scenario in which the juvenile has been detained; and (3) The scenario in which the juvenile has otherwise been made the subject of a proceeding before the juvenile court, by the filing of a petition with the court, pursuant to A.C.A. § 9-27-310.
Attorney General Opinion No. 98-151 addressed the narrow question of the disclosability of the records of a juvenile in a situation in which the juvenile has not been arrested or detained. The opinion correctly concluded that unless that juvenile has otherwise been made the subject of a proceeding before the juvenile court, the provisions of A.C.A. §9-27-352 will not apply to protect from disclosure any records about that juvenile.
As Opinion No. 98-151 explained, the provisions of A.C.A. § 9-27-352
operate to protect from disclosure only the records of a juvenile who has been arrested or detained, or who has otherwise been made the subject of a proceeding before the juvenile court. All proceedings before the juvenile court must be initiated by the filing of a petition with the court. A.C.A. § 9-27-310. If a juvenile has not been arrested or detained, or has not otherwise been made the subject of proceedings before the juvenile court, the provisions of A.C.A. § 9-27-352 do not operate to protect that juvenile's records from disclosure. That juvenile's records will be subject to disclosure under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.), unless they fall within some other exemption from disclosure (such as the exemption for records that are part of an ongoing investigation, see A.C.A. §25-19-105(b)(6)). The provisions of A.C.A. § 9-27-352 do not constitute an exemption from the FOIA for a juvenile who has not been arrested or detained, or who has not otherwise been made the subject of a proceeding before the juvenile court.
A more difficult question may actually arise in situations in which the juvenile has been arrested or detained, or has otherwise been made the subject of proceedings before the juvenile court — i.e., in situations that are governed by the provisions of A.C.A. § 9-27-352. The difficulty would arise in determining which of the juvenile's records constitute "records of the arrest of a juvenile, the detention of a juvenile, and the proceedings under this subchapter[.]" A.C.A. § 9-27-352. These terms are not defined by statute, nor has the court interpreted them. It is therefore unclear precisely which records would fall within the protection from disclosure that is provided by A.C.A. § 9-27-352.
It is my opinion that pending judicial or legislative guidance on this issue, a reasonable approach to determining which records are protected from disclosure would be to interpret A.C.A. § 9-27-352 as protecting any record that is clearly related to the incident that gave rise to the juvenile's arrest or detention or that caused the juvenile to be made the subject of proceedings before the juvenile court. This determination must be made on a case-by-case basis, and each record must be individually evaluated
This approach is supported by two principles that have been applied by the Arkansas Supreme Court in construing the FOIA.
First, the Arkansas Supreme Court has consistently held that exemptions to the disclosure requirements of the FOIA must be narrowly construed.See, e.g., Orsini v. State, 340 Ark. 665, 13 S.W.3d 167 (2000); ArkansasDep't of Fin. Admin. v. Pharmacy Assocs., 333 Ark. 451, 970 S.W.2d 217
(1998); Arkansas DOH v. Westark Christian Action, 322 Ark. 440,910 S.W.2d 199 (1995); Troutt Bros. v. Emison, 311 Ark. 27, 841 S.W.2d 604
(1992); Hengel v. City of Pine Bluff, 307 Ark. 457, 821 S.W.2d 761
(1991).
Second, the court has also consistently held that in order for an exemption to be effective in overcoming the disclosure requirements of the FOIA, it must specifically state that it is intended to constitute an exemption from the FOIA. This requirement arises out of the following provision of the FOIA:
 (a)(1) Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
A.C.A. § 25-19-105(a)(1) (emphasis added).
The Arkansas Supreme Court has consistently upheld this requirement of specificity, and has further held that if legislative language purporting to create an exemption to the FOIA is less than clear, or is ambiguous, that language must be interpreted in a manner favoring disclosure. See,e.g., Orsini v. State, 340 Ark. 665, 13 S.W.3d 167 (2000); Arkansas DOHv. Westark Christian Action, 322 Ark. 440, 910 S.W.2d 199 (1995); TrouttBros. v. Emison, 311 Ark. 27, 841 S.W.2d 604 (1992); Legislative JointAuditing Comm. v. Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987).
Given this solid precedent, it is my opinion that a court would be reluctant to extend the protection of A.C.A. § 9-27-352 to any record that is not clearly related to the juvenile's arrest, detention, or proceedings before the juvenile court.
I reiterate that the determination of whether any particular record constitutes a juvenile's record of arrest, detention, or proceedings before the juvenile court must be made on a case-by-case, record-by-record basis. I also reiterate, in agreement with Attorney General Opinion No. 98-151, that if a juvenile has not been arrested or detained, or has not otherwise been made the subject of a proceeding before the juvenile court, the protections of A.C.A. § 9-27-352 will not apply to protect that juvenile's records from disclosure.
Finally, I note, as did the Troutt court, that exemptions to the FOIA must be created legislatively, rather than judicially. Therefore, if the Arkansas Supreme Court's current interpretation of the FOIA and exemptions from the FOIA (as discussed above) leads to unfair results or results that seem to be contrary to public policy, the remedy is with the General Assembly.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Sections (b) and (c) of the statute (not quoted here) create certain exceptions for the disclosure of otherwise confidential records of juveniles. See also A.C.A. § 9-27-309, which states various exceptions to the juvenile judge's discretion concerning the confidentiality of juveniles' records.
[2] At the time of the Troutt decision, the juvenile judge had the discretion to order that a juvenile's records be kept confidential. See
A.C.A. § 9-27-309.
[3] It should be noted that A.C.A. § 9-27-348 provides only that the names of the juveniles to whom it applies are not to be published by the news media. It is therefore unclear whether this statute prohibits disclosure of these names to the public. The Troutt court did not address this question, nor has the question been addressed in any subsequent case. In any event, it is unlikely that this issue would arise under current law, because in most cases to which A.C.A. § 9-27-348 would apply, the juvenile's identity would be protected by the provisions of A.C.A. § 9-27-352. Moreover, I note that the FOIA requires the disclosure of records, not information, and I am not aware of any law that would require a public agency to disclose information (such as a name) that is not contained in a record.