Richard L. Lawrence, Esq. Gill Elrod Ragon Owen Sherman, P.A. 425 West Capitol Avenue, Suite 3801 Little Rock, AR 72201
Dear Mr. Lawrence:
I am writing in response to your request for my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), regarding the release of certain records under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§25-19-101 through -109 (Repl. 2002 Supp. 2003 Acts 2005, Nos. 259, 1994, and 2003). You report that you are the legal counsel for Pulaski County Charter Schools, Inc. d/b/a Academics Plus Charter School, which has received an FOIA request from a newspaper to produce the letter that was sent by the school's board of directors to an employee initiating a termination hearing for the employee.[1] The newspaper is also seeking a copy of the employee's response to said letter. You have determined that the requested records are subject to disclosure, and it is my statutory duty to issue an opinion stating whether this decision is consistent with the FOIA.
RESPONSE:
It is my opinion that your decision is consistent with the FOIA.
It is undisputed that the requested records are "employee evaluation or job performance records" under the FOIA. A.C.A. § 25-19-105(c)(1). I reached this conclusion in Opinion 2005-112 (supra at n. 1) with respect to the letter based upon its description by the requester and the employee's legal counsel, after applying the applicable legal analysis. Neither party has questioned that determination. Regarding the employee's response to the letter, the parties characterize this record as an evaluation or job performance record, and I agree with that characterization based upon the particular circumstances surrounding its creation. This office has consistently taken the position that records created by or at the behest of the employer in connection with the investigation of an employee constitute "employee evaluation/job performance records" within the meaning of the FOIA. See, e.g., Op. Att'y Gen. 2005-030 (and opinions cited therein). I believe it is clear from the administrative proceedings in this instance that this test is met with response to the response letter. It was generated at the behest of the employer because the employer's action in initiating a termination hearing prompted the employee's response according to the terms of the employment contract. See Exhibit A in an action styled Caroline Proctor,Ph.D. v. Pulaski Charter School, Inc., Pulaski Country Case No. CV2005-7413 ("Employment Contract:Renewal" at 2, giving the employee the right to respond in writing within ten days of receipt of the employer's notice regarding the termination action). The employer is presumed to have been aware that the employee had this right.
The FOIA dictates that employee evaluations or job performance records be released only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).[2]
Although I have not reviewed the actual records at issue, there appears to be no question that they "formed a basis for the decision made in [the] proceeding to . . . terminate the employee[.]" Both you and counsel for the employee have so stated, and I have no information suggesting otherwise. While it is therefore clear that the second condition for release of the records has been satisfied, the parties disagree regarding the first and third conditions.
With respect to the first, it appears that counsel for the board and the employee are in disagreement as to the finality of the board's resolution of the termination proceeding. You state on behalf of the board that it notified the employee's counsel on August 9, 2005, of the termination of the employee's contract, and that the board believes its action in this regard represents a final administrative resolution of the termination proceedings. In correspondence to you objecting to the requested disclosure, the employee's counsel identifies procedural irregularities concerning the board's action, citing the employment contract and the school's bylaws.
It is my opinion that the procedural issues raised by the employee's counsel do not exempt the requested records from disclosure under the FOIA. There appears to be no dispute that a termination proceeding resulted in a decision to terminate the employee, that the employee was notified of the decision to terminate, and that the employee has no further recourse except through the courts. The determination whether there has been a "final administrative resolution" for purposes of A.C.A. § 25-19-105(c)(1), supra, does not depend, in my estimation, upon the certainty that all procedural requirements were met such that the decision made in an administrative proceeding will withstand judicial review. The focus, instead, is upon exhaustion of administrative remedies. See Op. Att'y Gen. 95-204. As stated by leading commentators on the FOIA:
 [Evaluation and job performance records] are . . . exempt if the employee has administrative remedies available or if a decision to suspend or terminate has been overturned. The term `final administrative resolution' refers to the final decision-making step taken by the employing entity. . . .
Watkins and Peltz, The Arkansas Freedom of Information Act 202 (m m press, 4th ed. 2004.)
The final step was taken in this instance, and according to my understanding, no further administrative remedies are available to the employee. A refusal to release the records under such circumstances would in my opinion be contrary to the Arkansas Supreme Court's long-standing position that the FOIA should be construed liberally in favor of openness. See generally Harris v. City of Fort Smith, Arkansas Supreme Court Docket No. 04-485 (Nov. 4, 2004), 101 S.W.3d 211; Laman v. McCord,245 Ark. 401, 432 S.W.2d 753 (1968). See also Arkansas Dep't of Fin. Admin. v. Pharmacy Assocs., 333 Ark. 451, 970 S.W.2d 217 (1998) andOrsini v. State, 340 Ark. 665, 13 S.W.3d 167 (2000) (regarding narrow construction of exemptions from the FOIA's openness requirements).
With regard to the third condition under § 25-19-105(c)(1) for release of the records, i.e., a "compelling public interest" in disclosure, it must initially be noted that the FOIA does not define this phrase. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon the entire facts and circumstances attendant to the particular case. Leading commentators on the FOIA have provided some guidelines for determining whether such an interest exists.See Watkins and Peltz, The Arkansas Freedom of Information Act, supra.
The authors state, for instance: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question." Watkins and Peltz, id. at 205. They further observe: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy." Id. at 204-205. Elaborating on this point, they state: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 207. They additionally note that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 206 (remarking that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
In applying these guidelines, I find the position of high authority and public trust held by the employee to be a particularly significant factor in this instance. In my opinion, the public's interest in knowing the details of the circumstances surrounding the termination of this highly placed employee is legitimate and quite compelling, especially given the nature of the problems that the school apparently was facing coincident with the termination. Consequently, I conclude that the third condition for disclosure is met because there in all likelihood is a compelling public interest in the release of the requested records.[3]
Accordingly, it is my opinion that your decision to release the letter from the board initiating a termination hearing, and the employee's response to the letter, is consistent with the FOIA.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] This same letter was the subject of Attorney General Opinion2005-112, issued May 23, 2005. The letter was not subject to release at that time because the termination proceeding was still in progress under the terms of the employee's contract of employment.
[2] This standard differs considerably from the standard applicable to "personnel records," which are exempt from disclosure under the FOIA if their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A § 25-19-105(b)(12).
[3] Because I have not seen the actual records, I must note that a constitutional "right to privacy" claim could conceivably be implicated, depending upon their particular content. Whalen v. Roe, 429 U.S. 589
(1977). In evaluating this potential claim, it must first be determined whether the information involves "personal matters." McCambridge v. Cityof Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). See also generally
Op. Att'y Gen. 93-356 (discussing the three-part test adopted by the court in this regard). Although the materials that have been provided to me do not suggest the involvement of such matters, the question of whether the release of the information requested would run afoul of constitutional provisions must be made by the custodian, who has access to all the relevant documents.