The Honorable Rick Green State Representative 1807 Bunker Hill Drive Van Buren, AR 72956-2836
Dear Representative Green:
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 through -109 (Repl. 2002 Supp. 2005). Specifically, you state that the Arkansas Department of Health received a FOIA request for all documents submitted by Care One, a private, for-profit business, in connection with a Paramedic Ambulance Service License. You state further that the FOIA request was made by Angle CARE EMS, a direct competitor of Care One, and that the "the documents in question contain sensitive information regarding trade secrets, contracts, and business practices. . . ." You ask:
 Does Arkansas Code 25-19-105 or any other applicable state or federal law protect the aforementioned documents from FOI disclosure?
RESPONSE
Your statement that the documents contain sensitive commercial information suggests the possible applicability of the FOIA's so-called "competitive advantage" exception. I am not aware of any other relevant state law in this regard, nor am I aware of any federal law that might apply to such documents that are submitted in connection with a state license application.
The competitive advantage exemption under the FOIA provides as follows:
 It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter: . . . [f]iles which, if disclosed, would give advantage to competitors or bidders[.]
A.C.A. § 25-19-105(b)(9)(A) (Supp. 2005).
I cannot determine as a matter of law whether this exemption applies so as to prevent disclosure of the documents in question. This ultimately will turn on a factual determination regarding the particular records, specifically, whether their disclosure would in fact result in competitive harm to the person who supplied the information. See generally ArkansasDep't of Fin. Admin. v. Pharmacy Assocs., 333 Ark. 451, 970 S.W.2d 217
(1998) and Arkansas Highway and Transp. Dep't v. Hope Brick Works, Inc.,294 Ark. 490, 744 S.W.2d 711 (1988). Not having seen the relevant documents, I cannot make this determination. Nor does a factual issue of this nature generally fall within the scope of an Attorney General opinion.
With regard to the legal analysis, however, I will note that in my opinion the question turns on the likelihood of substantial competitive injury from disclosure of the documents. I agree with my predecessors that this is probably the relevant test under § 25-19-105(b)(9)(A). See,e.g., Op. Att'y Gen. Nos. 1998-026, 1996-363, 1994-015, and 1991-390. This is the approach adopted by federal courts in determining whether "commercial or financial information" is "confidential" and thus exempt under the federal FOIA (5 U.S.C.A. § 552(b)(4)). See, e.g., Gulf W.Indus. v. United States, 199 U.S. App. D.C. 1, 615 F.2d 527 (D.C. Cir. 1979) (relying on National Parks Conservation Ass'n v. Morton,
162 U.S. App. D.C. 223, 498 F.2d 765 (D.C. Cir. 1974) ("National Parks I")). Although the absence of any guidance in the FOIA or judicial precedent in Arkansas prevents a conclusive formulation, the Arkansas Supreme Court's steadfast adherence to a narrow interpretation of FOIA exemptions (see,e.g., Waterworks v. Kristen Investment Properties, 72 Ark. App. 37, 42,32 S.W.3d 60 (2000)) compels me to surmise that the court would likely adopt the federal test. See also Apodaca v. Montes, 606 S.W.2d 734
(Tex.Civ.App.-El Paso 1980) (involving a similar exemption under Texas' open records law, wherein the court adopted the federal standard in reliance upon National Parks, supra) and Smithey v. State, 269 Ark. 538,602 S.W.2d 676 (1980) (reflecting our court's willingness to follow precedents from other jurisdictions involving laws similar to Arkansas').
As for the test's application, it should be noted that the burden of proving substantial competitive injury is upon the entity seeking nondisclosure. See generally Gannett River States Publishing Co. v.Arkansas Indus. Dev. Comm'n., 303 Ark. 684, 799 S.W.2d 543 (1990). Specific factual or evidentiary material must be presented showing actual competition and the likelihood of substantial competitive injury from disclosure of the records. Op. Att'y Gen. 1998-026. Conclusory or generalized allegations will not suffice, in my opinion. Accord Op. Att'y Gen. 1996-229. The review is therefore highly factual in nature and must be undertaken by the custodian of the records with the assistance of the one claiming competitive harm. Id. Although the responsibility of review falls on the custodian, the custodian must in turn rely upon information supplied by the one seeking the exemption. This reasonably follows, in my opinion, from the public policy behind the FOIA, which indicates that public records are presumed to be open to public inspection. SeeCommercial Printing Co. v. Rush, 261 Ark. 468, 549 S.W.2d 790 (1977). Such records are to be closed only if they fit within one of the specific exemptions. Id.
It thus becomes clear that the particular documents in question must be evaluated following the above precepts, and that no conclusions can be drawn based upon assertions that they contain sensitive information. It may well be that the competitive advantage exemption applies to prevent their disclosure. But I lack the authority to make this factual determination. While my ability to respond to your question in a conclusive or definitive manner is consequently limited, the foregoing will hopefully be of assistance in addressing the underlying issues.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh