Cite as 2024 Ark. App. 256

# ARKANSAS COURT OF APPEALS
### DIVISION III
No. CV-23-143

| | |
|---|---|
| | Opinion Delivered April 17, 2024 |
| JANET CHRISTINE GALVAN F/K/A JANET CHRISTINE ANDREW<br><br>APPELLANT<br><br>V.<br><br>ST. BERNARDS HOPSITAL, INC., D/B/A ST. BERNARDS MEDICAL CENTER; SURGICAL ASSOCIATES OF JONESBORO, INC., D/B/A ST. BERNARDS SURGICAL ASSOCIATES; AND WILLIE E. HARPER, JR., M.D.<br><br>APPELLEES | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO.16JCV-22-731]<br><br>HONORABLE RICHARD LUSBY, JUDGE<br><br><br><br><br><br><br><br>AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant, Janet Galvan, appeals the Craighead County Circuit Court's order granting the motion to dismiss her medical-malpractice complaint filed by appellees, St. Bernards Hospital, Inc., d/b/a St. Bernards Medical Center; Surgical Associates of Jonesboro, Inc., d/b/a St. Bernards Surgical Associates; and Willie E. Harper, Jr., M. D. Appellees moved to dismiss arguing that the case was time-barred having been filed beyond the two-year medical-malpractice statute of limitations. Appellant responded, arguing that the "Notice of Intention to File an Action for Medical Injury" (the Notice) prepared and served by Michigan attorneys not licensed to practice law in Arkansas tolled the limitations period under Ark. Code Ann. § 16-114-212 (Repl. 2016). The circuit court found that

Galvan's notice of intention to file was a nullity because the attorneys who prepared and served it were engaged in the unauthorized practice of law and granted the motion to dismiss. The circuit court further found that the notice was deficient, which also rendered the notice ineffective. On appeal, appellant argues that her attorneys did not engage in the unauthorized practice of law by sending the notice of intent to sue and that she complied with the notice provisions contained in the tolling statute of the Arkansas Medical Malpractice Act. We find no error and affirm.

This case arises from a laparoscopic Roux-en-Y gastric bypass and gallbladder removal performed on Galvan by Dr. Willie E. Harper, an agent and employee of Surgical Associates of Jonesboro at St. Bernards Medical Center. The surgery was performed on March 5, 2020, and Galvan was discharged on March 7. Galvan asserts that the negligent treatment of tachycardia she experienced and negligence in failing to diagnose and treat a gastric leak she suffered during that time frame are the bases of the negligence alleged in the complaint. Multiple surgeries, hospital admissions, and gastric leaks persisted for months after the initial surgery, requiring admission to an acute-care facility. The complaint alleges St. Bernards and Surgical Associates are vicariously liable for Dr. Harper's medical negligence. Galvan served the Notice on Dr. Harper, St. Bernards, and Surgical Associates on March 1, 2022. The Notice was prepared and served by Galvan's Michigan attorneys, who are not licensed to practice law in Arkansas. It identified Galvan as the patient whose care and treatment was at issue and stated that she "is currently residing at 408 Marcus Dr., Trumann, AR 72427. On the date of the treatment at issue, Janet was residing in Arkansas." The Notice described

2

in detail the course of Galvan's treatment and described the development of a large gastric fistula that is the root of Galvan's medical injuries. The Notice summarized the wrongful conduct alleged as "Defendants' negligence caused the fistula and/or delay in recognizing the fistula." A release allowing appellees to obtain Galvan's medical records was included with service of the Notice. The release was signed by Galvan and included her Social Security number but was left blank in many particulars to allow appellees to duplicate it and obtain records from any of her care providers they wished. Galvan filed her complaint, signed by a licensed Arkansas attorney, on May 26, 2022. The complaint was accompanied by a document styled "Affidavit of Meritorious Claim of Shawn T. Tsuda, M.D." (Affidavit of Merit). Dr. Tsuda is a surgeon, and in his Affidavit of Merit, he described with specificity Dr. Harper's negligence. He pointed generically to other "agents and employees of St. Bernards Medical Center" but did not identify them specifically. Appellees filed a motion to dismiss in which they argued the case was time-barred, having been filed beyond the two-year medical-malpractice statute of limitations. Galvan responded by pointing to the Notice and arguing that the Notice tolled the limitations period under Ark. Code Ann. § 16-114-212. The responses included the Notice and proofs of service as exhibits.

The trial court found that the Notice did not toll the statute of limitations for two reasons: (1) the preparation and service of the Notice constituted the unauthorized practice of law; and (2) the Notice was ineffective in that it did not strictly comply with Ark. Code Ann. § 16-114-212(a)(2)(A)–(B) because it failed to include appellant's "address at the time of the treatment at issue" and failed to include "a summary of the alleged wrongful conduct."

The circuit court therefore found that pursuant to Ark. Code Ann. § 16-114-212(b), these deficiencies "shall be deemed material and shall result in the statute of limitations not being tolled," and appellees were entitled to summary judgment as a matter of law pursuant to Ark. R. Civ. P. 56.

Our standard of review on issues addressing the unauthorized practice of law is de novo. *Nisha, LLC v. TriBuilt Constr. Grp., LLC*, 2012 Ark. 130, at 5, 388 S.W.3d 444, 447. Further, we review issues of statutory construction de novo because it is for this court to decide what a statute means. *Cooper Realty Inv., Inc. v. Ark. Contractors Licensing Bd.*, 355 Ark. 156, 134 S.W.3d 1 (2003). "The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." *Potter v. City of Tontitown*, 371 Ark. 200, 209, 264 S.W.3d 473, 481 (2007). While we are not bound by the circuit court's ruling, we will accept that court's interpretation of a statute unless it is shown that the court erred. *Id.*

The term "engaged in the active practice of the law" may, indeed, escape precise definition, but it is not so vague as to be without limitations. It is quite true that the practice of law is not confined to services by an attorney in a court of justice; it also includes any service of a legal nature rendered outside of courts and unrelated to matters pending in the courts. *Ark. Bar Ass'n v. Union Nat'l Bank*, 224 Ark. 48, 273 S.W.2d 408 (1954). Therefore, anyone who assumes the role of assisting the court in its process or invokes the use of its mechanism is considered to be engaged in the practice of law. *Id.* Galvin admits that the

4

Michigan attorneys were engaged in the practice of law but argues that such practice was not "unauthorized."

The Supreme Court of Arkansas has held that it is mandatory for a nonresident attorney to file a motion pro hac vice in compliance with Ark. Bar Adm. R. XIV in order to obtain authority to practice in the courts of Arkansas. *Fisher v. State*, 364 Ark. 216, 217 S.W.3d 117 (2005). Further, the Arkansas Supreme Court has repeatedly held that when a person not licensed to practice law in this state attempts to represent the interests of another by submitting himself or herself to the jurisdiction of a court, those actions are rendered a nullity. *See Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002). Galvin argues on appeal that only pleadings are rendered a nullity, and because the Notice was not a pleading, it should not be nullified. We are not persuaded. It is clear that the Michigan attorneys were not licensed to practice law in this state and were representing the interests of Galvan in the preparation and service of the Notice. We find that by preparing and serving the Notice, they submitted themselves to the jurisdiction of the Arkansas court because the Notice was intended to fulfill the requirements of Ark. Code Ann. § 16-114-212 and toll the statute of limitations.

Given our duty to ensure that parties are represented by people knowledgeable and trained in the law, we cannot say that the unauthorized practice of law simply results in an amendable defect. *Davenport*, 348 Ark. 148, 72 S.W.3d 85. Accordingly, the Notice filed by out-of-state counsel is deemed a nullity. Because the Notice is a nullity and the deadline for filing a medical-malpractice suit under Ark. Code Ann. § 16-114-203 (Repl. 2016) has lapsed,

the circuit court correctly ruled that the appellant's medical-malpractice case was time-barred. Because we affirm the circuit court's dismissal on the unauthorized-practice-of-law ground, we need not address whether the circuit court erred when it held that some of the Notice's particulars were "material" deviations from the statute and therefore also rendered the Notice noncompliant with the tolling statute of the Arkansas Medical Malpractice Act. *Preston v. Univ. of Ark. for Med. Scis.*, 354 Ark. 666, 128 S.W.3d 430 (2003).

Appellee challenged the constitutionality of section 16-114-212 in the circuit court, but the court did not rule on the question. Consequently, the issue is not preserved for our review. *Johnson v. Blytheville Sch. Dist.*, 2017 Ark. App. 147, at 7, 516 S.W.3d 785, 788. Furthermore, no cross-appeal was filed on the question. A cross-appeal is an appeal by an appellee who seeks something more than was received in the trial court. *Flemings v. Littles*, 324 Ark. 112, 113, 918 S.W.2d 718, 719 (1996). An appellee must give notice of cross-appeal in order to obtain affirmative relief. *Barnhart v. City of Fayetteville*, 321 Ark. 197, 209–10, 900 S.W.2d 539, 545 (1995); *Ark. Dep't of Fin. & Admin. v. Pharmacy Assocs., Inc.*, 333 Ark. 451, 459–60, 970 S.W.2d 217, 221 (1998). Because appellees did not give the required notice, we are further precluded from reaching the argument.

We affirm the circuit court's dismissal because the medical-malpractice suit was not timely commenced under the Arkansas Medical Malpractice Act since the complaint was filed outside the two-year statute of limitations, and time was not tolled under section 16-114-212 because the Notice required to toll the limitations period was a nullity. Due to the affirmance of the circuit court's dismissal, we decline to address any other ruling the circuit

6

court made about the Notice.  Finally, we decline to address any constitutional argument because it was not preserved for our review.

Affirmed.

HARRISON, C.J., and VIRDEN, J. agree.

*McMath Woods P.A.*, by: *Charles D. Harrison*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Waddell, Cole & Jones, PLLC*, by: *Paul D. Waddell* and *Samuel T. Waddell*, for appellees.