Mr. Jerry D. Pinson, Chairman Supreme Court of Arkansas Committee on Unauthorized Practice of Law Justice Building Little Rock, AR 72201
Dear Mr. Pinson:
This is in response to your request for an opinion on the following question:
 Whether a person must be licensed to practice law in the State of Arkansas to represent another individual in Municipal Court in this state?
It is my opinion that the answer to this question is, generally, "yes," if the representation constitutes the practice of law.* It is illegal to practice law in Arkansas without a license. A.C.A.16-22-206; see also All City Glass Mirror, Inc., v. McGraw Hill Information Sys. Co., 295 Ark. 520, 521, 750 S.W.2d 395 (1988). Section 16-22-206 states:
 No person shall be licensed or permitted to practice law in any of the courts of record of this state until he has been admitted to practice by the Supreme Court of this state, and every person so admitted shall be entitled to practice in all the courts of this state.
The municipal court is a court of record. A.C.A. 16-17-211. The question to be addressed, therefore, is whether the activity in question constitutes the practice of law. Since we have not been provided any facts in this instance concerning the particular activities of the person who "represents" the other individual in municipal court, a conclusive determination in this regard is not possible. Nor can we provide a controlling definition of the phrase "to practice law" We should also note the Arkansas Supreme Court's statement that this phrase "escape(s) precise definition" (Undem v. State Bd. of Law Examiners, 266 Ark. 683, 692,587 S.W.2d 563 (1979)), and that ". . . it is not possible to give a definition of what constitutes practicing law that is satisfactory and all inclusive, and we make no such attempt." Ark. Bar Assn. v. Union National Bank, 224 Ark. 48, 53, 273 S.W.2d 408 (1954).
The Court has, however, offered the following guidance: We do hold however that when one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law. . . . (A)nyone who assumes the role of assisting the court in its process or invokes the use of its mechanism is considered to be engaged in the practice of law. Id.
The Court in Ark. Bar Assn. also noted that: We make it clear at this point that we are not holding that other activities aside from appearing in court do not constitute practicing law. It is uniformly held that many activities, such as writing and interpreting wills, contracts, trust agreements and the giving of legal advice in general, constitute practicing law. 224 Ark. at 54.
It may therefore be concluded as a general matter that participation in court proceedings on behalf of another constitutes the practice of law. See, generally, 7 C.J.S. Attorney Client 32 (1980). It should also be noted that the General Assembly has proscribed certain activities in connection with litigation in the small claims division of municipal court under the Small Claims Procedure Act. Arkansas Code of 1987 Annotated16-17-612(a) states in pertinent part that "(n)o attorney at law OR PERSON OTHER THAN THE PLAINTIFF AND DEFENDANT shall take part in the filing, prosecution, or defense of litigation under this subchapter." (Emphasis added.) Thus, while this activity may well constitute the unauthorized practice of law, a separate prohibition will apply in that instance.
While we cannot offer a conclusive answer to your question, due to the factual nature of the inquiry, the foregoing should offer general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
* It should be noted, however, that this office has previously concluded (A.G. Opinion Number 88-318) that the officer representing a corporation in the small claims division of municipal court under the Small Claims Procedure Act (see A.C.A. 16-17-605 (Supp. 1987)) need not be a licensed attorney.