The Honorable Jerry E. Hinshaw State Representative 18804 Wheeler Road Springdale, AR 72764
Dear Representative Hinshaw:
This is in response to your request for an opinion on the following questions:
 1. Under A.C.A. 16-17-601, can an officer of a corporation represent the company or do they require an attorney?
 2. Can an office manager for a doctor or dentist represent their employer in municipal court if they have all pertinent facts in reference to a patient, or must the doctor/dentist represent himself?
Section 16-17-601 of the Arkansas Code is part of the subchapter entitled the Small Claims Procedure Act. A.C.A. §§ 16-17-601—614 (1987 and Cum. Supp. 1991). The provision with regard to actions by and against corporations is found at A.C.A. § 16-17-605 (Cum. Supp. 1991), and states:
 (a) Corporations, other than those identified in § 16-17-604, which are organized under the laws of this state and which have no more than three (3) stockholders or in which eighty-five percent (85%) or more of the voting stock is held by persons related by blood or marriage within the third degree of consanguinity may sue and be sued in small claims courts created pursuant to this subchapter.
 (b) A corporation shall be represented in the proceedings by an officer of the corporation.
 (c)(1) This section shall not apply to credit bureaus and collection agencies.
 (2) Credit bureaus and collection agencies, by definition, shall include those businesses that either collect delinquencies for a fee or are otherwise engaged in credit history or business.
Thus, with regard to your first question, § 16-17-605 clearly states that a corporation meeting the criteria specified therein "shall be represented in the proceedings by an officer of the corporation." A.C.A. § 16-17-605(b) (Cum. Supp. 1991). It is my opinion that representation by an attorney is not required. In fact, representation by an attorney will result in the transfer of the case to the regular municipal court docket. See A.C.A. §16-17-612(a) (Cum. Supp. 1991). This question was fully explored in Opinion Number 88-318, a copy of which is enclosed. I concur with the conclusions reached in that opinion. See alsoMoreland v. Vickers Chevrolet Co., 37 Ark. App. 1 (1992) (regarding appellant's concession that § 16-17-605 (1987) allows a corporation with no more than three stockholders to be represented by one of its officers in small claims court). Id.
at 3. Amendments subsequent to the 1987 codification of § 16-17-605 (see above) do not affect this conclusion. Reference should, however, be made to the 1991 Cumulative Supplement to determine whether a particular corporation meets the requisite criteria.
It is my opinion, in response to your second question, that the office manager could not lawfully represent the physician. The manager would, presumably, be appearing in court on behalf of the doctor or dentist in order to collect the debt (as referenced in correspondence attached to your request). As noted by the Arkansas Supreme Court in Ark. Bar Assn. v. Union Nat'l. Bank,224 Ark. 48, 273 S.W.2d 408 (1954):
 [W]hen one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law.
224 Ark. at 53.
The practice of law without a license is prohibited under A.C.A. § 16-22-206 (1987).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure