The Honorable Robert N. Jeffrey State Representative 181 Charlotte Ann Camden, AR 71701-9452
Dear Representative Jeffrey:
I am writing in response to your request for my opinion on the following questions:
 1. Does having accepted an appointment as deputy city attorney of an Arkansas city of the first class in and of itself, without doing anything else, constitute practicing law?
 2. Must a deputy city attorney of a first class city in Arkansas have an Arkansas law license as a prerequisite to serving in that capacity?
 3. Does it make any difference in answering the previous questions if the deputy city attorney only assists the city attorney personally and refrains from any official acts such as representation of the city in court, advising the city council or drafting or signing pleadings, ordinances or resolutions that might imply or require an Arkansas license to practice law?
 4. Does it make any difference in answering the previous questions if a deputy city attorney appointee without an Arkansas license has long been licensed in good standing to practice in another state and some federal courts and is applying for licensure by reciprocity from Arkansas?
RESPONSE
With respect to your first question, assuming the deputy city attorney has indeed done nothing other than accept employment, I do not believe he could accurately be described as having engaged in the practice of law in that position. By contrast, assuming the deputy undertakes activities traditionally associated with his position, I believe he would be "practicing law." However, only a finder of fact acquainted with all the attendant circumstances can ultimately determine whether the deputy is "practicing law." Assuming the deputy city attorney will be engaged in activities that qualify as "practicing law," I believe the answer to your second question is "yes." I am unable to answer your third question, since you have not specified what sort of assistance the deputy would provide the city attorney. If that assistance amounts to "practicing law," I believe the deputy must be licensed in Arkansas. I believe the answer to your fourth question is "no." Regardless of whether an individual is licensed to practice in another state, he can practice in Arkansas only if he is licensed to do so or if a court has granted him leave as a matter of comity to pursue or to defend against a particular legal claim. Effective October 1, 2004, Rule XVI of the Rules GoverningAdmission to the Bar will permit a candidate licensed in another state to seek admission to the Arkansas bar by reciprocity.
Question 1: Does having accepted an appointment as deputy city attorneyof an Arkansas city of the first class in and of itself, without doinganything else, constitute practicing law?
If one were to read your question literally, I believe the answer would be "no," given that as a logical matter one cannot be "practicing law" as deputy city attorney if one has done absolutely nothing in that position. However, assuming the position actually involves some duties, I believe only a finder of fact after reviewing those duties would be situated to determine whether the appointee was in fact "practicing law."
The statutory authorization for appointing deputy city attorneys is located at A.C.A. § 14-43-407 (Repl. 1998), which provides:
 (a) Any city attorney of a city of the first class, subject to the provisions of this section, shall have the power to appoint one (1) or more deputies for whose official acts the officer appointing the deputy shall be responsible.
 (b) A deputy city attorney appointed pursuant to the provisions of this section shall serve at the will of the officer appointing him.
 (c) Unless otherwise provided by ordinance of the city council, the salary or other compensation of any deputy city attorney appointed pursuant to this section shall be paid by the city attorney from his own compensation.
 (d) This section is cumulative as to any law authorizing the appointment of a deputy city attorney in certain cities of the first class. Nothing contained in this section shall be construed to invalidate the appointment of any such deputy made pursuant to law, nor to change the compensation thereof as previously fixed by law or by the action of any council. Nor shall this section be deemed to limit or impair the right of the council hereafter to fix the compensation or salary of such a deputy appointed pursuant to the provisions of this section or any other legislation.
Pursuant to this statute, the city attorney of a city of the first class may appoint one or more deputies to perform whatever tasks the city attorney chooses to assign them. However, as suggested by the designation "deputy," the standard historical function of a deputy city attorney has been to stand in the city attorney's stead in addressing legal matters on behalf of the city. See Black's Law Dictionary (8th ed. 2004) (defining the term "deputy" as "[a] person appointed or delegated to act as a substitute for another, esp. for an official"). As one of my predecessors noted in Ark. Op. Att'y Gen. No. 95-363:
 It should also be noted that city attorneys can avail themselves of the various prosecutorial powers provided in the Rules of Criminal Procedure, which define the phrase "prosecuting attorney" to include city attorneys and their assistants, see Rule 1.6(b)(ii), Ark. Rules of Crim. P., and those provided in A.C.A. § 16-96-101 et seq.
In this regard, I will note that Ark. R. Crim. P. 1.6(b) defines the global term "prosecuting attorney" in a way that clearly describes engaging in the practice of law:
 "Prosecuting attorney" means any person legally elected, appointed, or otherwise designated or charged generally or specially with the duty of prosecuting persons accused of crime or traffic offenses. . . ."
Assuming the deputy city attorney indeed acts as a substitute for the city attorney — an assumption only a finder of fact could test — I believe the deputy would indeed be "practicing law."
Having offered this opinion, I must note that determining what constitutes the practice of law is not always easy. As one of my predecessors observed in Ark. Op. Att'y Gen. No. 89-285:
 Nor can we provide a controlling definition of the phrase" to practice law." We should also note the Arkansas Supreme Court's statement that this phrase "escape(s) precise definition" (Undem v. State Bd. of Law Examiners, 266 Ark. 683, 692, 587 S.W.2d 563 (1979)), and that ". . . it is not possible to give a definition of what constitutes practicing law that is satisfactory and all inclusive, and we make no such attempt." Ark. Bar Assn. v. Union National Bank, 224 Ark. 48, 53, 273 S.W.2d 408 (1954).
 The Court has, however, offered the following guidance: ["]We do hold however that when one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law. . . . (A)nyone who assumes the role of assisting the court in its process or invokes the use of its mechanism is considered to be engaged in the practice of law.["] Id.
 The Court in Ark. Bar Assn. also noted that: ["]We make it clear at this point that we are not holding that other activities aside from appearing in court do not constitute practicing law. It is uniformly held that many activities, such as writing and interpreting wills, contracts, trust agreements and the giving of legal advice in general, constitute practicing law. 224 Ark. at 54.
Significantly, in Judicial Discipline and Disability Commission v.Thompson, 341 Ark. 253, 263, 16 S.W.3d 212 (2000), the court found occasion to underscore that the practice of law could not be restricted to formal activities undertaken before a court:
 In Undem v. State Board of Law Examiners, 266 Ark. 683, 587 S.W.2d 563
(1979), this court stated the following:
 It is quite true that the practice of law is not confined to services
by an attorney in a court of justice; it also includes any service of a legal nature rendered outside of courts and unrelated to matters pending in the courts. (Citations omitted.) It is uniformly held that writing and interpreting wills, contracts, trust agreements, and the giving of legal advice in general constitute practicing law.
(Emphasis added.)
In short, I am unable to itemize the range of activities that might constitute the practice of law by a deputy city attorney. I am likewise unable to opine regarding the status of the deputy city attorney at issue in your request. I can offer no more than a general opinion that the types of activities traditionally undertaken by a deputy city attorney would qualify as the practice of law.
Question 2: Must a deputy city attorney of a first class city in Arkansashave an Arkansas law license as a prerequisite to serving in thatcapacity?
Assuming the deputy city attorney's activities qualify as the practice of law, I believe the answer to this question is "yes." See A.C.A. §16-22-206 (Repl. 1999) ("No person shall be licensed or permitted to practice law in any of the courts of record of this state until he has been admitted to practice by the Supreme Court of this state, and every person so admitted shall be entitled to practice in all the courts of this state.").
Question 3: Does it make any difference in answering the previousquestions if the deputy city attorney only assists the city attorneypersonally and refrains from any official acts such as representation ofthe city in court, advising the city council or drafting or signingpleadings, ordinances or resolutions that might imply or require anArkansas license to practice law?
I am unable to answer this question because I cannot determine what you mean in suggesting that the deputy city attorney "assists the city attorney personally." The activities you have listed as being ones the deputy would refrain from conducting strike me as a relatively exhaustive catalog of the activities a deputy city attorney might normally undertake, thus leaving open the question of what additional "assistance" the deputy would be able to provide. I can do no more than advise that if someone were to challenge an unlicensed deputy city attorney alleging unauthorized practice of law, the Supreme Court Committee on the Unauthorized Practice of Law would investigate and, if it felt the need to do so, sue for injunctive relief in circuit court. See Rules of CourtCreating a Committee on the Unauthorized Practice of Law.
Finally, I should note that if by "assists the city attorney personally" you actually mean that the deputy would provide services of a purely personal nature at public expense, I believe this arrangement would be subject to constitutional challenge as an illegal exaction in derogation of Ark. Const. art. 16, § 13, which prohibits the misapplication of public funds.
Question 4: Does it make any difference in answering the previousquestions if a deputy city attorney appointee without an Arkansas licensehas long been licensed in good standing to practice in another state andsome federal courts and is applying for licensure by reciprocity fromArkansas?
In my opinion, "no."
Any individual practicing law in Arkansas must currently be licensed to do so in Arkansas or, if the individual is licensed to practice in another state, must have been given leave in a particular court to practice by comity pursuant to Rule XIV of the Rules Governing Admissionto the Bar. Rule XVI, which will take effect on October 1, 2004, does provide for licensure by reciprocity under appropriate circumstances. However, Arkansas currently has no provision for licensure by reciprocity.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh