2012 Ark. 130

NISHA, LLC and Centennial Bank
Formerly Known as Community
Bank, Appellants.

v.

TRIBUILT CONSTRUCTION
GROUP, LLC, Appellee.

No. 11–927.

Supreme Court of Arkansas.

March 29, 2012.

445

Stuart W. Hankins, North Little Rock,
J. Don Overton, Little Rock, for appellant.

Jack East III, Little Rock, for appellee.

ROBERT L. BROWN, Justice.

The issue in this case is whether a corporate officer, director, or employee, who is not a licensed attorney, engages in the unauthorized practice of law by representing the corporation in arbitration proceedings. We hold that such a person is so engaged, and we reverse the circuit court on this point. In addition, we reverse the circuit court's determination that an arbitrator, rather than the court, should determine issues regarding legal representation during arbitration proceedings.

This case began as a dispute over construction costs between TriBuilt Construction Group, LLC (TriBuilt), the appellee herein, and NISHA, LLC (NISHA) and Centennial Bank (formerly known as Community Bank) (Centennial), the appellants. TriBuilt was the general contractor hired by NISHA to build the Country Inn & Suites in Conway. Centennial entered into a Construction Loan and Security Agreement with NISHA, which assigned its interest in the construction contract with TriBuilt to Centennial as security for Centennial's entering into a construction mortgage for the project. After the project was completed, TriBuilt filed suit in the Sebastian County Circuit Court against NISHA and Centennial and asserted that when the project was completed, they refused to pay TriBuilt the $666,462.12 balance owed, defamed TriBuilt, and intentionally interfered with TriBuilt's ability to get bonding for the project.

NISHA moved to compel arbitration and contended that the contract with TriBuilt compelled the parties to arbitrate all disputes relating to the contract. Contemporaneously with this motion, NISHA moved to stay proceedings pending arbitration. The circuit court denied both of NISHA's motions regarding arbitration. Centennial later filed a second motion to compel arbitration and requested that TriBuilt voluntarily enter into arbitration proceedings. On January 12, 2010, the circuit court entered an order granting the motion to compel arbitration in part and denying it in

part.[1] The circuit court granted the motion to compel arbitration and stay proceedings with regard to TriBuilt's claims for breach of contract, quantum meruit, tortious interference with the contract, and conversion against Centennial and NISHA.

On January 26, 2011, the circuit court entered a second order permitting TriBuilt's counsel to withdraw from the case. TriBuilt's attorney subsequently withdrew from the arbitration proceedings as well. Rather than obtain new counsel to represent it in the arbitration proceedings, TriBuilt through its President, Alan Harrison, notified NISHA and Centennial that it intended to represent itself. Harrison, a nonlawyer, would present TriBuilt's case in the arbitration proceedings. On March 31, 2011, NISHA and Centennial filed a "Joint Petition for Permanent Injunction," seeking to prevent Harrison from representing TriBuilt in either the circuit court case or in the arbitration proceedings. In support of its petition, NISHA and Centennial contended that a corporate entity cannot represent itself in litigation and litigation-related matters through agents who are not licensed attorneys. They requested that the circuit court permanently enjoin TriBuilt from permitting, authorizing, or condoning Harrison, or any other officer, director, or employee, from engaging in the unauthorized practice of law by representing TriBuilt in the circuit court proceedings or in the court-ordered arbitration proceedings.

On April 13, 2011, International Fidelity Insurance Company (IFIC)[2] filed a response to the joint petition for permanent injunction. IFIC claimed that TriBuilt was not prohibited by law from representing itself in an arbitration proceeding and that the representation in such a proceeding did not constitute the unauthorized practice of law. It maintained that under the American Arbitration Association (AAA) rules, which governed the arbitration proceeding at issue, any party could be represented by counsel, pro se, or "by any other representative of that party's choosing." IFIC claimed further that no Arkansas law prohibited a corporation from representing itself in arbitration proceedings.

On May 16, 2011, the circuit court entered an order granting NISHA and Centennial's joint petition so far as it pertained to proceedings before the circuit court but denying their petition for a permanent stay so far as it pertained to the arbitration proceedings for two reasons: (1) the circuit court did not agree that nonlawyer representation in an arbitration proceeding constituted the practice of law, and (2) the arbitration panel should decide that issue. NISHA and Centennial filed an interlocutory appeal to this court pursuant to Arkansas Rule of Appellate Procedure—Civil 2(a)(6). The circuit court issued a certificate under Arkansas Rule of Civil Procedure 54(b) and found that pro se representation by a corporate officer was an issue of first impression and that

1. The circuit court found that as to Centennial, there was no mutuality of obligation so the motion to stay proceedings pending arbitration was denied. The circuit court further found that three of TriBuilt's claims against NISHA sounded in tort and were not subject to binding arbitration. As a result, the circuit court found that TriBuilt's claims of defamation, deceptive trade practices, and interference with business expectancy were tortious in nature and were exempt from binding arbitration. Those findings are not before us in this appeal.

2. In its pleading, IFIC identifies itself as a cross-defendant and stated that it was a party to the arbitration proceedings. The record filed with this court reveals no pleadings filed against IFIC by any party, although there are several pleadings referencing IFIC's status as a party to the arbitration proceedings.

there was no just reason to delay entry of final judgment regarding whether Harrison could represent TriBuilt in the arbitration proceedings.

NISHA and Centennial raise two points in their brief on appeal: (1) this court should reverse the circuit court's finding that nonlawyer representation in arbitration proceedings does not constitute the unauthorized practice of law, and (2) that this court should reverse the circuit court's finding that the arbitrator should decide who can represent a party in arbitration proceedings. TriBuilt has not filed a brief in response in this appeal.

The circuit court's conclusions that nonlawyer representation in arbitration proceedings did not constitute the unauthorized practice of law and that the arbitrator had the authority to decide who could represent a party in arbitration proceedings are conclusions of law. As such, those conclusions are given no deference on appeal, and this court's standard of review is de novo on both issues. *See Hill v. Kelly*, 368 Ark. 200, 207, 243 S.W.3d 886, 890–91 (2006).

Although NISHA and Centennial present this as their second point for reversal, the question of whether the arbitrator or this court has the power to determine if a nonlawyer can represent a corporation during arbitration proceedings is jurisdictional and must be addressed first. *See, e.g., Am. Abstract & Title Co. v. Rice*, 358 Ark. 1, 186 S.W.3d 705 (2004) (holding that circuit courts have jurisdiction to determine issues regarding the unauthorized practice of law). The circuit court concluded that the arbitration body is entitled to determine what parties and representatives may participate in arbitration proceedings, as well as what rules apply in the process. That is in error. This court has the exclusive authority to regulate the practice of law. *Preston v.*

*Stoops*, 373 Ark. 591, 594, 285 S.W.3d 606, 609 (2008) ("Oversight and control of the practice of law is under the exclusive authority of the judiciary."); *see also* Ark. Const. amend. 28 ("The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law."). Likewise, the unauthorized practice of law falls within this court's constitutional authority to control and govern the practice of law. *Preston*, 373 Ark. at 594, 285 S.W.3d at 609. Because the issue is whether representation of a corporation by a nonlawyer during arbitration proceedings constitutes the unauthorized practice of law, the issue falls squarely within the ambit of this court's constitutional powers and may not be decided by an arbitration body. We reverse the circuit court on this point.

NISHA and Centennial's second argument is that a corporate entity cannot represent itself during arbitration proceedings because that constitutes the unauthorized practice of law. They cite this court to *Arkansas Bar Association v. Union National Bank*, 224 Ark. 48, 273 S.W.2d 408 (1954), to support this contention.

In *Union National Bank*, the Arkansas Bar Association sought to enjoin a bank from engaging in the unauthorized practice of law. That opinion addressed the authority of the bank, as fiduciary, to prepare and present petitions and precedents for orders in the probate and chancery courts without representation by an attorney. *Id.* at 49, 273 S.W.2d at 409. In our opinion, this court made five broad conclusions regarding the practice of law in Arkansas:

- Corporations are prohibited from practicing law in this state and a corporate employee, officer, or director who is not a licensed attorney cannot hold himself

448

or herself out as being entitled to practice law. *Id.* at 51, 273 S.W.2d at 410.

75 An individual can practice law for himself or herself, but a corporation can only represent itself in connection with its own business or affairs in the courts of this state through a licensed attorney. *Id.*

• A trustee or personal representative does not act on his or her own behalf and a person who is not a licensed attorney and who is acting as an administrator, executor, or guardian cannot practice law in matters relating to his trusteeship. *Id.* at 51–52, 273 S.W.2d at 410.

• When one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law. *Id.* at 53, 273 S.W.2d at 411.

• The practice of law is regulated by the judiciary. *Id.*

While the *Union National Bank* case is helpful in outlining the basic principles governing the practice of law in this state, it does not address the specific issue before this court, which, again, is, whether a corporate officer's representation of that corporation in arbitration proceedings constitutes the practice of law.

■ NISHA and Centennial claim that arbitration invokes the processes of the courts, is quasi-judicial in nature, and, thus, constitutes the practice of law. They adduce *Union National Bank* as authority for this conclusion. We begin our analysis by noting that Arkansas is among the states that have adopted the 1955 version

of the Uniform Arbitration Act. *See* Ark. Code Ann. §§ 16–108–201 to–224 (Repl. 2006).[3] We further recognize that as a matter of public policy, arbitration is strongly favored in Arkansas and is looked upon with approval by our courts as a less expensive and more expeditious means of settling litigation and relieving docket congestion. *Cash in a Flash Check Advance of Ark., L.L.C. v. Spencer*, 348 Ark. 459, 466, 74 S.W.3d 600, 604 (2002).

There is no doubt that under Arkansas's arbitration statutes, the circuit court remains involved to a degree in arbitration proceedings. Although arbitration proceedings can be initiated without court action, a court can compel parties to proceed to arbitration or stay already existing arbitration proceedings upon application of a party. *See* Ark.Code Ann. § 16–108–202 (Repl.2006). The court may also send some claims to arbitration, while retaining other claims. *See* Ark.Code Ann. § 16–108–201(b)(2) (Repl.2006). Likewise, in some circumstances the court can appoint the arbitrator, if the parties have not agreed on a method for appointment or the agreed method fails or the arbitrator cannot continue. Ark.Code Ann. § 16–108–203 (Repl.2006).

■■ In addition, a circuit court may, on request, direct the arbitrator to conduct a hearing promptly and render a timely decision. Ark.Code Ann. § 16–108–205 (Repl.2006). Plus, after a party to an arbitration proceeding receives notice of an award, that party may move the court for an order confirming the award, at which time the court shall issue a confirming order unless the award is modified, corrected, or is vacated. Ark.Code Ann. § 16–108–211 (Repl.2006); *see also* Ark. Code. Ann. §§ 16–108–212, 16–108–213

**3.** Arkansas's Arbitration Act was amended by Act 695 of 2011. Because that amendment became effective on July 27, 2011, after the order was entered in the present case, we refer to the arbitration statutes in effect at the time the order was entered.

(Repl.2006). Except in certain limited situations, a valid and final award by an arbitrator has the same effect under the rules of res judicata as a judgment of a court. *Ruth R. Remmel Revocable Trust v. Regions Fin. Corp.*, 369 Ark. 392, 402, 255 S.W.3d 453, 461 (2007). On appeal, this court will vacate an arbitration award only upon statutory grounds or a finding that the award violates a strong public policy. *Hart v. McChristian*, 344 Ark. 656, 666–67, 42 S.W.3d 552, 559 (2001). Based on this statutory scheme and this court's holding that arbitration awards have the same res judicata effect as a judgment of a court, NISHA and Centennial conclude that the courts of this state remain "actively involved" in arbitration and that it is an ancillary court process.

Although this court has never held that a nonlawyer's pro se representation of a corporation in arbitration proceedings constitutes the unauthorized practice of law, courts in other jurisdictions have so held. In *The Florida Bar re Advisory Opinion on Nonlawyer Representation in Securities Arbitration*, the Florida Supreme Court held that a nonlawyer who represented an investor during arbitration engaged in the unlicensed practice of law because the representation required, among other things: (1) conducting discovery and related depositions; (2) presenting evidence, raising objections, examining witnesses, voir dire of experts, and opening and closing arguments; and (3) preparing and filing the initial written statements of claims, answers, and counterclaims as well as written and oral motions and legal memoranda concerning the claims at issue. 696 So.2d 1178, 1180 (Fla. 1997); *see also The Florida Bar v. Rapoport*, 845 So.2d 874 (Fla.2003) (holding that a lawyer who was not licensed in Florida engaged in the unauthorized practice of law by representing clients in securities proceedings in Florida).

The Ohio Supreme Court reached the same conclusion that a corporation, or its nonlawyer representative, could not represent individuals during securities arbitration proceedings. *See Disciplinary Counsel · v. Alexicole, Inc.*, 105 Ohio St.3d 52, 2004–Ohio–6901, 822 N.E.2d 348. The Arizona Supreme Court similarly held that a disbarred attorney engaged in the unauthorized practice of law when he represented a motorist during arbitration proceedings against the motorist's insurance company. *In re Creasy*, 198 Ariz. 539, 12 P.3d 214 (2000). In that case, the Arizona Supreme Court defined the practice of law as follows:

[T]hose acts, whether performed in court or in the law office, which lawyers customarily have carried on from day to day through the centuries constitute the practice of law. Such acts ... include rendering to another any other advice or services which are and have been customarily given and performed from day to day in the ordinary practice of members of the legal profession. ...

*Id.* at 216–17 (citing *State Bar of Ariz. v. Ariz. Land Title & Trust Co.*, 90 Ariz. 76, 366 P.2d 1, 14 (1961)). Based on this definition, the Arizona court determined that even a cursory review of the disbarred attorney's actions during the arbitration proceeding showed that he rendered the kind of core service that is and has been customarily given and performed from day to day in the ordinary practice of law. *In re Creasy*, 12 P.3d at 217.

This court has never formulated an all-encompassing definition for what constitutes the practice of law. In fact, we have specifically recognized the difficulty in creating a satisfactory definition. *See Union Nat'l Bank*, 224 Ark. at 53, 273 S.W.2d at 411 ("It has been said in many opinions that it is not possible to give a definition of

what constitutes practicing law that is satisfactory and all inclusive, and we make no such attempt."). We have said, however:

> [W]hen one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law. . . . [A]ny one who assumes the role of assisting the court in its process or invokes the use of its mechanism is considered to be engaged in the practice of law. . . . We make it clear at this point that we are not holding that other activities aside from appearing in court do not constitute practicing law. It is uniformly held that many activities, such as writing and interpreting wills, contracts, trust agreements and the giving of legal advice in general, constitute practicing law.

*Id.* at 53–54, 273 S.W.2d at 411–12.

Similarly, this court has stated that the practice of law is not confined to services by an attorney in a court of justice; it also includes any service of a legal nature rendered outside of courts and unrelated to matters pending in the courts. *Undem v. State Bd. of Law Exam'rs,* 266 Ark. 683, 692, 587 S.W.2d 563, 568 (1979). Finally, our statutory law provides in relevant part:

> It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney at law for any person in any court in this state or before any judicial body, to make it a business to practice as an attorney at law for any person in any of the courts, to hold itself out to the public as being entitled to practice law, *to tender or furnish legal services or advice,* to furnish attorneys or counsel, to *render legal services of any kind in actions or proceedings of any nature or in any other way or manner,* or in any other manner to assume to be entitled to practice law or to assume or advertise the title of lawyer or attorney, attorney at law, or equivalent terms in any language in such a manner as to convey the impression that it is entitled to practice law or to furnish legal advice, service, or counsel or to advertise that either alone or together with or by or through any person, whether a duly and regularly admitted attorney at law or not, it has, owns, conducts, or maintains a law office or any office for the practice of law or for furnishing legal advice, services, or counsel.

Ark.Code Ann. § 16–22–211(a) (Supp.2011) (emphasis added).

Although TriBuilt did not file a brief with this court in this appeal, IFIC did file a response with the circuit court and urged that representation during arbitration proceedings did not constitute the practice of law. In that response, IFIC relied primarily on cases where individuals were permitted to represent themselves in arbitration proceedings, cases refusing to vacate arbitration awards on the basis that a participant engaged in the unauthorized practice of law, AAA rules, the Federal Arbitration Act (FAA), and section 16–22–211(a) quoted above. *See Williamson v. John D. Quinn Construction Corp.,* 537 F.Supp. 613, 616 (S.D.N.Y.1982) (rejecting a claim that a New Jersey law firm was precluded from recovering any fees for services performed in connection with an arbitration proceeding that took place in New York because it had engaged in the unauthorized practice of law); *Marino v. Tagaris,* 395 Mass. 397, 480 N.E.2d 286 (1985) (noting that there is nothing inherently wrong with encouraging self-representation during arbitration proceedings); *Colmar, Ltd. v. Fremantlemedia N. Am.,*

*Inc.,* 344 Ill.App.3d 977, 280 Ill.Dec. 72, 801 N.E.2d 1017, 1022 (2003) (holding that an out-of-state attorney's representation during arbitration proceedings did not constitute the unauthorized practice of law). All three of the cases cited by IFIC in circuit court are distinguishable on their facts from the case before us.

Though this court has never decided whether legal representation in an arbitration proceeding constitutes the practice of law in Arkansas, we have noted, as already referenced, that arbitration is designed to be a "less expensive and more expeditious means of settling litigation," and to relieve "docket congestion." *Cash in a Flash Check Advance of Arkansas, L.L.C.,* 348 Ark. at 466, 74 S.W.3d at 604. We have also said that "[a]rbitration hearings are not analogous to trial proceedings." *Hart,* 344 Ark. at 666, 42 S.W.3d at 559. Those statements, though, do not decide the issue.

In reaching a decision on this matter, we are influenced by the fact that this court has been resolute in strictly enforcing the rule that a corporation through its nonlawyer officers cannot engage in the practice of law. *See* Ark.Code Ann. § 16–22–211(a); *see also All City Glass & Mirror, Inc. v. McGraw Hill Info. Sys. Co., Div. of McGraw Hill, Inc.,* 295 Ark. 520, 521, 750 S.W.2d 395, 396 (1988) (finding that a judge was acting within his powers by striking the answer of the president of a corporation when the president was not authorized ⌊₁₃to practice law); *Davidson Props., LLC v. Summers,* 368 Ark. 283, 285, 244 S.W.3d 674, 675 (2006) (noting that a nonlawyer's attempt to represent an LLC on appeal constituted the unauthorized practice of law). We are further influenced by the fact that arbitration proceedings bear significant indicia of legal proceedings under the Uniform Arbitration Act, which has been adopted by this state. As already noted, if a hearing is held during arbitration, the parties have the right to be heard, present evidence material to the controversy, and cross-examine witnesses appearing at the hearing. Ark.Code Ann. § 16–108–205(3).

 Bearing in mind the role of an advocate in arbitration proceedings, as just described, we are hard pressed to say that services of a legal nature are not being provided on behalf of the party in arbitration; in this case, TriBuilt. *See Undem,* 266 Ark. 683, 587 S.W.2d 563. Accordingly, we reverse the decision of the circuit court on this point and hold that a nonlawyer's representation of a corporation in arbitration proceedings constitutes the unauthorized practice of law.

Reversed.