F. E. COMPTON & COMPANY *v.* GREENWOOD SCHOOL
DISTRICT No. 25.

4-6672                                          159 S. W. 2d 721

Opinion delivered March 2, 1942.

*Festus Gilliam* and *R. S. Wilson,* for appellant.

*Geo. W. Johnson,* for appellee.

HOLT, J.   July 25, 1940, appellant sued appellee,
Greenwood School District No. 25 of the Greenwood dis-
trict of Sebastian county, Arkansas, to recover on two
alleged contracts for certain materials alleged to have
been furnished the district.  The complaint embraced two
counts.  The first was based upon an alleged contract
dated December 5, 1935, and the second on a contract
dated July 9, 1937.  The complaint also alleged that one
of the contracts provided that funds derived from a

"School Activity Fund" were to be used in payment of the materials purchased under the contract, and there was a prayer for judgment on the contracts and that appellee district render an accounting of its "School Activity Fund," and that same be impounded and applied on the judgment.

Among the defenses interposed by the district was that it did not execute, or authorize the execution of, the contracts in question and is not bound by them.

Upon a trial the court found the issues in favor of the district and entered a decree accordingly. This appeal followed.

The material facts in this case are practically undisputed. The cause was heard below on the oral testimony of Mr. Smith, superintendent of the Greenwood schools, and Mr. Joyce, one of the members of the board of directors, and on the deposition of Mr. Eldred, credit manager of the appellant company. The facts are that the two contracts in question were entered into between Superintendent Smith and appellant company for the material in question with the understanding that payment should be made out of the "School Activity Fund." One of the contracts contains this language: "From what source will funds be provided to pay this account? School activities."

The supplies, which consisted of several sets of books, were received and used in the schools. These contracts, or orders, were never referred to the school board for confirmation or ratification. In fact the preponderance of the testimony shows that the contracts, under which the books in question were alleged to have been purchased by Smith, were never brought to the attention of the school board. While Mr. Smith testified that on one occasion he gave the secretary of the school board appellant's request for payment, the secretary died shortly thereafter and the matter was never called to the attention of the board.

School districts are creatures of the statute. They can act only through a board of directors, and like individuals, are bound by all lawful contracts into which they may enter. Sections 11476-11535, *et seq.*, Pope's Digest.

In *Texarkana* v. *Friedell*, 82 Ark. 531, 102 S. W. 374, this court said: "In order to have ratification, there must be some affirmative action by the proper officers, or some negative action, which of itself would amount to an approval of the matter in question. These principles have been applied in school district cases."

In the instant case, as indicated, the great preponderance of the testimony shows that the contracts were not only never ratified or accepted by the school board, but the school board in fact knew nothing about their existence until this suit was filed by appellant.

Then, too, the fact that one of the contracts contained the provision that these school supplies were to be paid for out of the "School Activity Fund," a fund created by the students in the schools of the district, by producing plays and other forms of entertainment and collecting therefor small admission charges, over which the school board in question exercised no supervision or control, is a strong circumstance indicating that Superintendent Smith and appellant, the parties to the contracts, considered these contracts to be no obligation of appellee district.

It is our view that appellee district is not bound on the contracts in question, and that the trial court was correct in so holding. Accordingly, the decree is affirmed.