

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-15-716

| | |
|---|---|
| CMS INVESTMENT HOLDINGS, LLC<br>APPELLANT | **Opinion Delivered:** November 16, 2016 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTEENTH DIVISON<br>[NO. 60PR-12-1470] |
| ESTATE OF ROBERT M. WILSON, JR., Deceased<br>APPELLEE | HONORABLE VANN SMITH, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

This appeal from a probate case arises out of the denial of two claims appellant CMS Investment Holdings, LLC (CMSIH) made against appellee the Estate of Robert M. Wilson, Jr. (Estate). The overarching questions presented in this appeal are whether CMSIH's claims were timely made and whether the circuit court erred by denying them. Finding no error, we affirm the circuit court's order denying CMSIH's claims.

I.    *Background*

On August 3, 2012, Robert M. Wilson, Jr. (Wilson) died.[1] On August 8, 2012, a case was opened in Pulaski County Circuit Court to probate his Estate, and his former wife, Jennifer Wilson-Harvey, was appointed as personal representative of the Estate.

Arkansas Code Annotated section 28-40-111(a)(1)(A) requires that a "personal representative shall cause a notice of his or her appointment to be published stating the date

---

[1]Prior to his death, Wilson was the owner of the Wilson Law Firm.

of his or her appointment and requiring all persons having claims against the estate to exhibit them, properly verified to him or her, within six (6) months from the date of the first publication of the notice, or they shall be forever barred and precluded from any benefit in the estate." On August 11, 2012, the Estate published notice to creditors pursuant to this requirement, alerting creditors of the necessity of filing their claims against the estate no later than February 11, 2013.

Our law also requires that "within one (1) month after the first publication of the notice, a copy of the notice shall also be served . . . upon all unpaid creditors whose names, status as creditors, and addresses are known to or reasonably ascertainable by the personal representative." Ark. Code Ann. § 28-40-111(a)(4)(A). Pursuant to this statutory requirement, the Estate served notice on certain creditors, but CMSIH was not among them.

With regard to the acceptance or denial of claims, the general rule is that all claims against a decedent's estate must be filed with the court within six months after the date of the first publication of notice to creditors. Ark. Code Ann. § 28-50-101(a)(1). Notwithstanding this rule, the claims of all known or reasonably ascertainable creditors shall be barred at the end of two years from the date of first publication of notice to creditors, even if they have not been provided actual notice in accordance with Arkansas Code Annotated § 28-40-111(a)(2). Ark. Code Ann. § 28-50-101(h).

CMSIH did not file a claim against the Estate prior to the six-month deadline of February 11, 2013. In fact, it did not file its claims until June 6, 2014—twenty-two months after notice was published. After CMSIH filed its claims, the Estate filed a motion to deny

the claims as untimely. CMSIH responded contending that its claims were timely filed pursuant to the two-year time limit imposed on known or reasonably ascertainable creditors. Ark. Code Ann. § 28-50-101(h).

The circuit court conducted an evidentiary hearing on the Estate's motion to deny CMSIH's claims on November 24 and December 19, 2014. At the hearing, the Estate presented extensive evidence in support of its position that CMSIH was not entitled to service of notice of the probate of Wilson's Estate. Most notable was the testimony of Rufus Wolff, Wilson's longtime attorney and an attorney for his Estate, and Stephanie Pollard, an accounting supervisor at the Wilson Law Firm who was also employed by the Estate. Wolff, who had authority and access to search Wilson's records and documents, testified that there was no information that CMISH was a creditor or that it sought to assert a claim against the estate. Likewise, Pollard indicated that she prepared an exhaustive list of Wilson's books and records, including all vendors and creditors, and found no files on CMSIH.

On May 15, 2015, the circuit court entered a detailed order granting the Estate's motion to deny CMSIH's claims wherein it outlined its decision and the reasons supporting it. CMSIH brings this appeal.

II.     *CMSIH's Claims Against the Estate*

This appeal focuses on whether there was evidence to establish that CMSIH was a known or reasonably ascertainable creditor of the Estate. Accordingly, we will discuss the events giving rise to CMSIH's claims, focusing on the evidence CMISH deems most relevant.

CMSIH's claims stem from two lawsuits. Both suits were initiated in March 2014—subsequent to Wilson's death and the opening of his Estate. CMSIH sued the Estate, Jennifer Wilson-Harvey, and others in Colorado on the basis of fraud. CMSIH also sued the Estate in Delaware alleging breach of contract, breach of fiduciary duty, and various torts. Both lawsuits alleged that CMSIH sustained substantial losses in connection with its investment and membership in a corporation known as RP Holdings Group, LLC (RPHG).

RPHG is a corporation that, in April 2008, purchased the non-legal-services businesses of the Wilson Law Firm. At that time, RPHG and the Wilson Law Firm entered into an Exclusive Services Agreement wherein RPHG agreed to provide certain services to the Wilson Law Firm. It is pertinent to acknowledge that CMSIH invested in this transaction, and an LLC Agreement to which Jennifer Wilson-Harvey was a signatory identifies CMSIH as an owner of RPHG.

Also relevant to our review are the actions of Ben Cukier. Cukier personally participated in the April 2008 negotiations on behalf of RPHG and ultimately became the chairman of the board of RPHG. Cukier also served as a representative of CMSIH and was a partner at FTV Capital—a private equity firm that organized CMSIH.

Financial issues arose with regard to the contract between the Wilson Law Firm and RPHG. In 2011, Cukier, in his role with RPHG, communicated with Wilson and Rufus Wolff about Wilson Law Firm's non-payment of its obligations and misappropriation of funds. These discussions resulted in a series of interim agreements between Wilson and RPHG regarding the financial issues at RPHG. CMSIH was not a party to any of these agreements, and Cukier did not act on behalf of CMSIH during these negotiations.

The financial issues persisted. In July 2012, an attorney for Wilson sent a demand letter proposing a settlement with RPHG and all associated owners, affiliates, and individuals but that effort was ultimately unsuccessful. Shortly thereafter, Wilson commenced two lawsuits—one against RPHG in Arkansas and another against Cukier and others in Colorado. The lawsuit against Cukier prompted a letter written on behalf of Cukier by his counsel Scott McMillin, who protested the lawsuit filed by Wilson and threatened claims and litigation by FTV and equity holders in RPHG. CMSIH was not involved or specifically mentioned in any of these communications.

III.     *Issues on Appeal and Standard of Review*

CMSIH's arguments on appeal are as follows: (1) due process requires actual notice to "known or reasonably ascertainable" creditors; (2) a "creditor" must be given actual notice by personal service; (3) due process requires the personal representative to make a reasonably diligent search for creditors; (4) "actual notice" must be served on any identifiable creditor with more than a conjectural claim; and (5) known or reasonably ascertainable creditors not served actual notice have two years to file claims. In arguing for reversal, CMSIH often contends that findings of fact and conclusions of law made by the circuit court were reached using erroneous legal standards.

On appeal, this court conducts a de novo review of probate cases, but the circuit court will not be reversed unless its findings are clearly erroneous. *Whatley v. Estate of McDougal*, 2013 Ark. App. 709, 430 S.W.3d 875. Our court gives due deference to the superior position of the circuit court to determine the credibility of witnesses and the weight to be accorded their testimony. *Id.*

IV.    *Due Process Requires Actual Notice to "Known or Reasonably Ascertainable"*
*Creditors*

CMSIH begins its argument by basically reciting the legal standards that this court

and the circuit court are required to adhere to in this case. Any arguments for reversal raised

in this section are addressed more fully in CMSIH's other points on appeal. For this reason,

we take this opportunity to provide a general overview of the law as it relates to claims

against estates.

Non-claim probate statutes, such as those at issue in this case, implicate constitutional

due-process considerations. *Tulsa Prof'l Collection Servs. v. Pope*, 485 U.S. 478 (1988).

Known or reasonably ascertainable creditors must receive actual notice that will inform

them of the need to file a claim, the date and manner by which the claim must be filed, and

that any potential claim will be barred if no claim is filed. *Id.* "[A]ctual notice is a minimum

constitutional precondition to a proceeding which will adversely affect the liberty or

property interests of any party." *Id.* at 485. Nevertheless, the Supreme Court also held that

"extended searches" for potential creditors are not required. *Id.* at 490. "[A]ll that the

executor or executrix needs to do is make 'reasonably diligent efforts' to uncover the

identities of creditors." *Id.*

V.    *A "Creditor" Must be Given Actual Notice by Personal Service*

It is undisputed that the Estate did not serve CMSIH with written notice of the

probate of Wilson's Estate. The U.S. Supreme Court requires that a known or reasonably

ascertainable creditor receive actual notice that will inform the potential creditor of the need

to file a claim, the date and manner by which the claim must be filed, and that the claim

will be terminated if no claim is filed. *Id.* Arkansas builds upon this foundation and imposes

more stringent notice requirements for estates. Arkansas Code Annotated § 28-40-111(a)(4)(A) requires service of written notice on all known or reasonably ascertainable creditors.

CMSIH claims that the court found that, because Cukier knew of the probate of this Estate, this was sufficient to satisfy the requirements of Arkansas Code Annotated § 28-40-111(a)(4)(A). Had the circuit court made that finding, it would certainly be reversible error. Regardless of whether Cukier knew of Wilson's death and the probate of his Estate, Arkansas law requires service of written notice on all known or reasonably ascertainable creditors. Ark. Code Ann. § 28-40-111(a)(4)(A).

With this in mind, we turn our attention to the circuit court's order to determine whether it applied the wrong legal standard when considering whether to deny CMSIH's claims. CMSIH hinges its arguments on the portions of the circuit court's order wherein it explains that Cukier and, in turn, CMSIH, knew of Wilson's death and the litigation between the Estate and RPHG. Our review of these provisions, when viewed in context with the order in its entirety, leads us to the conclusion that the circuit court did not improperly determine that written service of notice was unnecessary. Notably, the first conclusion reached by the circuit court in its order is that known or reasonably ascertainable creditors are entitled to service of written notice in Arkansas. We interpret these statements cited by CMSIH as merely providing background information relevant to the issue of whether CMSIH was a known or reasonably ascertainable creditor.



VI.    *Due Process Requires the Personal Representative to Make a Reasonably Diligent Search for Creditors*

CMSIH also argues for reversal on the basis that the circuit court erred by failing to make findings regarding whether the personal representative made the constitutionally mandated reasonably diligent efforts to search for creditors. *Pope*, 485 U.S. at 490–91. As suggested by the Estate, a threshold matter is whether the issue of reasonable diligence is preserved for our review.

CMSIH raised the issue of reasonable diligence in its pleadings before the circuit court. However, the circuit court did not expressly rule on it. In fact, CMSIH even argued in its brief and at oral argument that the circuit court erred by failing to rule on this issue. It is an appellant's responsibility to obtain a ruling to preserve an issue for appeal. *TEMCO Const., LLC v. Gann*, 2013 Ark. 202, 427 S.W.3d 651. This court cannot presume a ruling from a circuit court's silence, and we will not review a matter on which the circuit court has not ruled. *Id.* Because CMSIH failed to obtain a ruling on the issue of reasonable diligence, we summarily dispose of this point on appeal.

CMSIH raises an additional argument—that the circuit court erred by imposing an obligation on it that the law does not require. Specifically, CMSIH takes issue with the circuit court's conclusion that CMSIH "did nothing to make itself known to be a creditor until it filed its two lawsuits." CMSIH often reiterated this point during oral argument when it perceived that this court misunderstood the applicable legal standard. We do not.

The law does not impose a requirement on a creditor to make itself known—in fact, our law is clear that a creditor need only be reasonably ascertainable. *Pope*, *supra*. Additionally, it is an Estate's responsibility to conduct reasonably diligent efforts to identify

creditors. *Id.* Nevertheless, when the issue of the approval or denial of a claim is litigated, it is the claimant's burden to prove that an Estate failed to carry out these requirements. Ark. Code Ann. § 21-40-111(a)(4)(C)(ii).

Turning to the evidence on this issue, the full conclusion of law made by the circuit court reads:

> The Court concludes that while the Estate may have known the identity of CMS Investments, CMS Investments did nothing to make itself known to be a creditor until it filed its two lawsuits against the Wilsons, which occurred after the six month non-claim period expired.

Again, CMSIH cherry-picks particular language from the circuit court's orders in an attempt to make its argument. The mere fact that the Estate knew of CMSIH's identity is insufficient to make CMSIH a known or reasonably ascertainable creditor of Wilson's Estate. To conclude otherwise would be in contravention of the purpose of our probate statutes.

The financial issues between the Wilson Law Firm, Wilson, and RPHG are at the heart of CMSIH's claims. The court's order, when read as a whole, explains in detail CMSIH's role in the dispute regarding RPHG, and CMSIH was not a party to any of the agreements or negotiations. This information is pertinent to whether CMSIH's claims were known or reasonably ascertainable to the Estate. It is clear from our review that the circuit court merely provided background information that it deemed relevant to the issue of whether CMSIH was either known or reasonably ascertainable, and it did not impose requirements on CMSIH that are more stringent than the law provides.

 

VII.     *"Actual Notice" Must be Served on any Identifiable Creditor with More than a Conjectural Claim*

Here, CMSIH primarily argues that the circuit court improperly considered the merits of its claims against the Estate when deciding whether it was entitled to notice. Neither the U.S. Supreme Court nor Arkansas allows for any substantive evaluation of claims when determining whether to provide notice—meaning that an Estate cannot refrain from giving notice to a creditor based on the presumed lack of merit to the creditor's claim.[2] *See* Ark. Code Ann. § 28-40-111(a)(4)(A); *see also Pope, supra.* Thus, we again direct our attention to the circuit court's order—this time evaluating whether the circuit court improperly considered the merits of CMSIH's claims when deciding whether it was entitled to notice.

We are not persuaded that the circuit court improperly considered the merits of CMSIH's claims when determining whether it was a known or reasonably ascertainable creditor. As discussed previously, we are convinced that, when reading the order as a whole, it is clear that the circuit court intended to merely provide a thorough background of the facts relevant to whether CMSIH was a known or reasonably ascertainable creditor.

---

[2]There are limited instances where the U.S. Supreme Court contemplates that notice is unnecessary. It has held that it is reasonable to dispense with actual notice to those with mere "conjectural claims" as opposed to those with "conceivable claims." *Pope, supra.* (citing *Mullane v. Central Hanover Bank & Trust, Co.*, 339 U.S. 306, 317 (1950)). In its brief, CMSIH asks this court to hold that all potential claimants—whether they have conceivable or conjectural claims—are entitled to actual notice. CMSIH conceded this point at oral argument, but even if the issue were still contested, we would refuse to address it. Although this issue was raised in pleadings before the circuit court, the circuit court did not rule on it, and it is an appellant's responsibility to obtain a ruling to preserve an issue for appeal. *TEMCO Const., supra.*

In that vein, we also consider whether the circuit court erred by determining that CMSIH was not a known or reasonably ascertainable creditor. In reviewing this issue, we give due deference to the superior position of the circuit court to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Whatley, supra.* We will not reverse the circuit court's decision unless it is clearly erroneous. *Id.*

With this standard in mind, we readily conclude that the circuit court's decision that CMSIH was not a known or reasonably ascertainable creditor should be affirmed. There is ample evidence to support the court's decision—not the least of which includes the testimony of Rufus Wolff and Stephanie Pollard that there was no indication that CMSIH was a creditor of the Estate or sought to assert a claim against it.

VIII.    *Known or Reasonably Ascertainable Creditors Not Served with Actual Notice Have Two Years to File Claims*

Finally, CMSIH asserts that the circuit court erred by finding that its claims were untimely filed. CMSIH alleges that pursuant to Ark. Code Ann. § 29-50-101(h), it had two years to file its claims. However, this point on appeal presupposes that CMSIH was a known or reasonably ascertainable creditor of the Estate and was entitled to service of notice. For the reasons discussed previously, we have concluded that the circuit court did not err by finding that CMSIH was not a known or reasonably ascertainable creditor of the Estate. Therefore, its claims had to have been filed within the six-month time limit imposed by Arkansas Code Annotated § 28-50-101(a)(1), and the circuit court did not err by denying its claims as untimely.[3]

---

[3]With these conclusions reached, we need not consider the Estate's alternate argument in favor of affirmance.

 

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Wright, Lindsey & Jennings, LLP*, by: *Gordon S. Rather, Jr.*, *John R. Tisdale*, and *Gary D. Marts, Jr.*, for appellant.

*Campbell Law Firm, P.A.*, by: *H. Gregory Campbell*, for appellee.