SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-16-181

|  |  |
|---|---|
| | **Opinion Delivered** March 8, 2017 |
| ALICE M. JOHNSON | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT |
| APPELLANT | [NO. 47CV-14-155 BD] |
| V. | |
| BLYTHEVILLE SCHOOL DISTRICT, By Its Board of Directors, TOMMY BENNETT, JR., LORI HIXSON, BILLY FAIR, GENE HENTON, CARLONY LEWIS, TRACEY RITCHEY, BARBARA WELLS, and TOBEY JOHNSON, Individually and In Their Official Capacities, and SANDY HUGHEY, Assistant Superintendent, LETROY GATHEN, Executive Director of Support Services, and RICHARD ATWILL, Superintendent Individually and In Their Official Capacities | HONORABLE BRENT DAVIS, JUDGE AFFIRMED |
| APPELLEES | |

## DAVID M. GLOVER, Judge

Alice Johnson appeals from the trial court's December 10, 2015 order dismissing her case for failure to state facts upon which relief can be granted. She raises one major point, asking whether statutory and constitutional law preempts the Blytheville School Board's exclusive right to contract because of the Board's agent's conduct and Alice Johnson's reliance thereon. She then breaks down this major point into the following subpoints: 1) Did Letroy Gathen, Executive Director of Support Services, bargain with Johnson with

unclean hands because of his knowledge he did not have authority to contract with Johnson; 2) Did Alice Johnson's reliance on Gathen's promise of employment, the resignation of her present employment, the filling out of forms, finger printing, and working one and one-half days constitute promissory estoppel; 3) Was Alice Johnson denied equal protection and due process guaranteed by the Arkansas Constitution and Fourteenth Amendment to the United States Constitution; and 4) Did the court's interpretation of Arkansas Code Annotated sections 16-13-620 et seq., under the facts that only Alice Johnson was presumed to know the law, create an anomaly in the law with grievous consequences, an injustice? We affirm the trial court's dismissal of Johnson's case.

In reviewing a trial court's order of dismissal, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Smith v. May*, 2013 Ark. 248. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id*. Rule 8(a)(1) of the Arkansas Rules of Civil Procedure requires that a complaint state facts, not mere conclusions, in order to entitle the pleader to relief. *Id*. Only facts alleged in the complaint are treated as true, not the plaintiff's theories, speculation, or statutory interpretation. *Id*. When reviewing a dismissal for failure to state a claim under Rule 12(b)(6), our standard of review is whether the trial court abused its discretion in dismissing the complaint. *Id*. To have abused its discretion, the trial court must have not only made an error in its decision, but also must have acted improvidently, thoughtlessly, or without due consideration. *Scott v. Scott*, 2016 Ark. App. 390, 499 S.W.3d 653.

The allegations in Johnson's complaint can be briefly summarized. She is a licensed practical nurse (LPN). On April 9, 2012, Letroy Gathen, who was Executive Director of Support Services for the Blytheville School District, called her and told her the district had a position open for an LPN and asked if she would like to interview for the job the next day. According to Johnson, Gathen promised her she would get the job and told her the salary would be $29,330 a year. At the time, she was employed as an LPN by Gosnell Therapy Center and was paid $17 an hour, 40 hours a week. Johnson alleged she resigned her position with Gosnell in reliance upon Gathen's promise of employment. She met with Gathen on April 10, 2012, and she claims he told her she was being hired for the LPN position at two Blytheville schools. She filled out insurance forms and was fingerprinted. In addition, she alleges her hiring was confirmed by a man named Mr. White. She did not know his first name.

Johnson alleged that on April 11, 2012, she reported at 7:45 a.m. to begin her training with the school nurse, Melissa Hess. Acting under Hess's direction, Johnson gave students their morning medications; she and Hess then went to the Charter School and met the rest of the staff; Hess explained policies and procedures regarding automatic electrical devices; and Johnson gave Charter School students their noon and afternoon medications; she left work at 3:00 p.m. The next day, she returned to work and worked until 10:00 a.m. when Sandy Hughey, an assistant superintendent, told Johnson not to return to the school campus and asked her to sign papers without allowing her to read them.

Based on these allegations, Johnson filed suit against the school district asserting claims for breach of employment contract, promissory estoppel, and constructive fraud. The

SLIP OPINION

school district answered the complaint and moved to dismiss pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. The motion was granted by the trial court, and an order of dismissal was entered on December 10, 2015. This appeal followed.

As mentioned at the outset, Johnson asserts one basic argument in this appeal, divided into several subpoints. For ease of discussion, we address all but the constitutional challenge together. Her overall contention is that "[t]he exclusive power of the school district board of directors' law controlling Johnson's employment with the district should not be sustained." As part of that overall argument, she further contends: 1) Letroy Gathen, Executive Director of Support Services, bargained with Johnson with unclean hands because of his knowledge he did not have authority to contract with Johnson; 2) Johnson's reliance on Gathen's promise of employment, the resignation of her present employment, the filling out of forms, fingerprinting, and working one and one-half days constitutes promissory estoppel; and 3) the court's interpretation of Arkansas Code Annotated section 16-13-620 et seq., under the facts that only Johnson was presumed to know the law, creates an anomaly in the law with grievous consequences, an injustice. We find no abuse of discretion in the trial court's dismissal of Johnson's complaint pursuant to Rule 12(b)(6).

The exclusive power to enter into initial written employment contracts on behalf of a school district with district employees, not including day-to-day substitutes, lies with the district's board of directors. Ark. Code Ann. § 6-13-620(5)(A)(ii)(*a*) (Repl. 2013). Moreover, the written employment contract must comply with statutory requirements. Ark. Code Ann. § 6-13-620(5)(A)(ii)(*b*) (Repl. 2013).

Here, there was no written contract between Johnson and the Blytheville School District.  She does not challenge the trial court's dismissal of her breach–of–contract claim.  Instead, she relies upon the theories of promissory estoppel and constructive fraud.  She quotes from the Restatement of Contracts, defining promissory estoppel as

> A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promise and which does influence such action or forbearance is binding if injustice can be avoided only by enforcement of its promise.

And, she defines constructive fraud as "a breach of a legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others."  She acknowledges that promissory estoppel can be utilized only if the person asserting the theory "reasonably or justifiably relied" on the words or conduct of the person to be charged with promissory estoppel.  In dismissing her claims based on these theories, the trial court concluded that her reliance was *not* reasonable because she was presumed to know the law and the extent of the authority of school officials with whom she dealt and that the law clearly provides such contracts must be in writing and entered into by the board of the school district.  Johnson contends the trial court erred in that conclusion.  We disagree.

It has long been held in Arkansas that a school district is not liable on a purported contract if it is not approved and ratified by the school board in the manner required by law, which is consistent with other governmental officials not being able to bind the State or its subdivisions beyond the extent of their actual authority.  *See, e.g.*, *Hankins v. City of Pine Bluff*, 217 Ark. 226, 229 S.W.2d 231 (1950) (quoting *Woodward v. Campbell*, 39 Ark. 580 (1882)) (rejecting estoppel argument and stating that "[a]ll who deal with a public agent

must at their peril inquire into his real power to bind his principal"); *F.E. Compton & Co. v. Greenwood Sch. Dist.*, 203 Ark. 935, 159 S.W.2d 721 (1942). While Johnson's anger about this situation is perfectly understandable, the trial court's dismissal of these claims is well supported by case law and based on sound public-policy grounds.

Moreover, to the extent Johnson tries to bolster her argument with her allegations that she filled out personnel forms, was fingerprinted, and worked one and a half days, we do not find those assertions helpful. That is, in her complaint, which we must take as true, she alleges that Letroy Gathen called her on April 9, 2012, and told her an LPN position was available; that he wanted her to come in for an interview the next day; and that he promised her she would get the job. According to her complaint, she resigned from her position at Gosnell Therapy Center on that same day—before she went for the interview, before she filled out papers, and before she worked a day and a half. In other words, even taking her allegations as true, she resigned from her position based solely on Gathen letting her know a position was available, asking her to come in for an interview, and "promising" her she would get the job. Thus, regardless of what the law is and what she should know about the law, reliance on those slim facts as a solid basis for resigning from her position on April 9 does not support a claim for relief in Arkansas.

For her remaining point of appeal, Johnson contends she was denied the equal protection and due process guaranteed by the Arkansas Constitution and the Fourteenth Amendment to the United States Constitution. Her argument was not properly preserved for our review.

SLIP OPINION

An appellant has the responsibility to obtain a ruling in order to preserve an issue for appeal. *CMS Inv. Holdings, LLC v. Estate of Wilson*, 2016 Ark. App. 545, 506 S.W.3d 292. We cannot presume a ruling from a trial court's silence, and we will not review a matter on which the trial court has not ruled. *Id.* Here, the trial court did not rule on the constitutional issues. Consequently, these issues were not preserved for our review. Nor were they developed or supported by legal authority or compelling argument.

Affirmed.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Larry J. Steele PLC*, by: *Larry J. Steele*, for appellant.

*Reid, Burge, Prevallet & Coleman*, by: *Robert L. Coleman*, for appellees.